SIMON, Justice.
 

 This is a redhibitory action in which plaintiffs'-'Seek5‘to‘'rescind their purchase from defendant-on January 25, 1949, of a new 1949 Studebaker truck for the price of $2,320.50. They also seek the recovery of $844.17 damages and expenses incurred for repairs, financing and insurance charges, and the loss of merchandise.
 

 In the alternative, plaintiff seeks a diminution of $1,000 in the purchase price of the truck.
 

 Though this suit is brought in the name of two individual plaintiffs, we shall hereafter use the single term “plaintiff”, for the reason hereinafter set forth.
 

 Plaintiff alleges that said truck was purchased for use in hauling live poultry and farm products from Arkansas to be retailed in Louisiana, and that shortly after the said purchase the truck began to exhibit mechanical failures with breakdowns while being driven upon the highways, necessitating repairs at various times. He attaches to his petition a statement itemizing the repairs made, most of which were done at defendant’s place of business. After many complaints and constant repairs, the defendant installed another motor in the truck but that did not remedy the imperfections and vices complained of. Plaintiff further alleges- that shortly after the installation of the new motor defendant refused to make any further adjustments or to accept tender of the truck on the complaint that it was unfit for the use purchased. Consequently, plaintiff was compelled to rent another truck'to carry on
 
 *373
 
 his business operations, until on September 19, 1949 he purchased a new truck from Claverie Motors of New Orleans.
 

 Plaintiff alleges that having previously experienced grief and financial loss through the use of a second-hand truck in his business operations, he decided to purchase a new truck; that upon the representations made by the defendant that the truck purchased was a new 1949 model, the contract to ■ purchase was concluded; that in truth and in fact the truck was not a new one but a used one; that knowledge of this fraudulent representation came to •plaintiff’s attention during May, 1951, and resulted in this suit wherein he . seeks ' rescission of the sale and recovery of damages.
 

 The. defendant denies plaintiff’s charges and professes that the truck was delivered in good mechanical order and that whatever repairs' were necessary resulted from- the gross negligent operation and mishandling of the truck by the drivers thereof. Defendant admits that at the time of th'e sale the truck was a used truck and hot a new one, and that the speedometer had been set back to erase the mileage shown thereon, said truck háving been previously driven approximately 2,000 miles. Defendant avers that at' the time of the purchase plaintiff had full • knowledge of that fact. Notwithstanding' defendant denies having represented the truck as being á new 1949 model, the bill of sale executed- by ’ these parties specifically describes’ it as “new”. Defendant attempts to explain the written designation of this truck as “new” ,on the basis that it desired to give to plaintiff a new truck warranty covering the first 4,000 miles or 90 days, whichever occurred sooner, and which would also, in effect, decrease the financing and insurance charges.
 

 After a trial on th'e merits, the district court, assigning written reasons, rendered judgment in favor of plaintiffs, for $2,737.-89, which represented, the purchase price and damages for repairs. ‘ No award, was made for damages covering financing and insurance charges and loss of merchandise .as demanded by plaintiff. From this judgment defendant has perfected a suspensive appeal, seeking its reversal' arid the dismissal of the suit. Plaintiff has not answered the appeal.
 

 Before issue was joined'in the lower court defendant filed an exception of misjoinder of parties and . exceptions,, of . no right and no cause of action,as against both .plaintiffs named herein, ,whjch. exceptions , were overruled. In their; arguments . be•fore us, counsel concede that -sh.ojul^ the issue be resolved in favor of plaintiffs, judgment be rendered in favor of plaintiff Salvador Suriseri in view'of'the "fact’that, although the bill of sale was' executed' in 'the name of Catherine''Suns'éri
 
 [1]
 
 ,'‘she was, in truth arid in fact, • acting fot'arid in behalf of her brother, Salvador Suriseri, th'e defendant having
 
 [1]
 
 full k'riowledge 'that-' the
 
 *375
 
 truck was purchased for the sole use and benefit of the said Salvador Sunseri and was to be paid for by him.
 

 Therefore, the primary issue presented for our determination is whether plaintiff is entitled to a rescission of the sale and recovery of the purchase price on the basis that the truck purchased was a used truck and not a new one as represented by the defendant, and, if so, the extent of the damages, if any, to be awarded.
 

 The Articles of the LSA-Civil Code pertinent to the disposition of this case are found in Section 3, and deal with vices of things sold. Article 2520 defines redhibition to be “the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice.”
 

 “A declaration made in good faith by the seller, that the thing sold has some quality which it is found not to have, gives rise to a redhibition, if this quality was the principal motive for making the purchase.” Article 2529.
 

 “The seller who knew not the vices of the thing, is only bound to restore the price, and to reimburse the expenses occasioned by the sale, as well as those incurred for the preservation of the thing, unless the fruits, which the purchaser has drawn from it, be sufficient to satisfy those expenses.” Article 2531.
 

 “A declaration made by the seller, that the thing sold possesses some quality which he knows it does not possess, comes within the definition of fraud, and ought to be judged according to the rules laid down on the subject, under the title:
 
 Of Conventional Obligations.
 

 “It may, according to circumstances, give rise to the redhibition, or to a reduction of the price, and to damages in favor of the buyer.” Article 2547.
 

 Hence, it is apparent that this case is. one of fact, i. e., whether the truck purchased by plaintiff was in truth a used truck and not a new one, as represented by the defendant, and whether if known to the plaintiff he would have purchased it.
 

 In a careful analysis of the evidence the lower court concluded as follows:
 

 “An examination of the entire record' convinces the Court, and more particularly the testimony of the defendant herein who-testified by way of coincidence that the price of the truck as sold to the plaintiffs herein although a used truck, was identical with a new truck, that fraud was perpetrated' upon the plaintiffs herein by the defendant company in the sale of second-hand equipment under the guise of being new and getting a price far beyond the value of the •article sold.”
 

 
 *377
 
 A detailed review of the testimony presented herein would serve little purpose. Suffice it to say that the record reveals that on January 25, 1949, plaintiff purchased what he believed to be a new truck from the defendant, said truck having been represented to him as a new 1949 model; that the written act of sale executed between the parties plainly designated the intention and representations of the respective parties, specifically declaring therein that the truck was, and we quote, “One new 1949 Studebaker R16-71 platform body cab and chassis” for the price of $2,320.50. It is significant that the printed form of the bill of sale originally contained the word “Used” and that in the execution of this contract of purchase the word “Used” was stricken and the word “new” substituted in lieu thereof.
 

 The evidence establishes that the truck having never functioned properly from the time purchased until it was abandoned by plaintiff, he was forced to resort to renting another truck until he purchased a new one from another motor company in September, 1949; that although defendant installed a new motor within three months after the purchase of the truck, the mechanical failures were not remedied thereby. Finally and in exasperation plaintiff tendered the truck to defendant, who refused the tender and who also refused to do anything more to correct the mechanical failures complained of.
 

 The efforts of defendant to show that plaintiff had knowledge of the condition of the truck when purchased are not persuasive. Rather, we are convinced, as was the district judge, that plaintiff had no knowledge whatsoever other than that he was purchasing a new truck, and that he would not have purchased it had he known it was a used truck. We are fortified in this conclusion by the specific representations contained in the written bill of sale wherein defendant, under the manager’s signature, solemnly declared the truck to be “new”.
 

 The record further reveals that when plaintiff accidentally learned through a former employee of the defendant that the truck was a used one, he consulted his attorney, who ascertained from the records of the License Division of the State Department of Revenue that the truck had been originally sold in July, 1948, to one, Guy Thibodeaux of Cut Off, Louisiana, by the Crescent Motor Company of New Orleans for the price of $1,903.10. It is startling to learn that the truck having been sold in July,
 
 1948, as a
 
 new one for the price of $1,903.10, was resold by defendant to plaintiff in January, 1949, for $2,320.50, with no evidence disclosing the reason for such disparity in price.
 

 We are convinced of the correctness of the trial court’s conclusion of fact. We have consistently recognized the principle that findings of fact reached by the district judge should not be reversed unless his conclusions are manifestly errone
 
 *379
 
 oús, and when such error is manifest, it should be easy to point it out, which appellant has failed to do.
 
 [1]
 

 Defendant contends that in a rescission action damages may not be recovered and relies upon the cases of Savoie v. Snell, 213 La. 823, 35 So.2d 745, and Harris v. Halligan, La.App., 23 So.2d 332. A reading of these authorities clearly demonstrates that they are not applicable to the facts herein presented. The district judge awarded damages in the sum of $417.39 to cover expenses of all repairs to the truck prior to its abandonment by plaintiff. However, during the trial plaintiff admitted that the only items of damages claimed by him, after eliminating certain other items originally claimed, amounted to the total sum of $239.78. It is therefore necessary for us to reduce the amount awarded for repairs by the trial judge to $239.78. These damages. are allowable under the provisions of LSA-Civil Code Article 2547, quoted above, which specifically recognize the right of the purchaser to recover damages in .an action in redhibition.
 

 Defendant’s counsel contends that the judgment rendered below awarding the sum of $2,737.89 includes the sum of $60.61 for repairs, and'that an award by. this Court for repairs cannot exceed that amount in view of the averments in plaintiff’s petition'that the purchase price'was $2,677.28. Defendant urges a breakdown-of the judgment awarded by the district court. He contends that the judgment of $2,737.89 is comprised of the purchase price óf $2;677.28 and damages of $60.61 for repairs. He represents that plaintiff’s petition, paragraph 8, alleges the price of $2,677.28. However; counsel is in error in his computations. Paragraph 8 of plaintiff’s petition affirmatively alleges the purchase price as $2,-320.50, the same amount shown in the bill of sale, and the sum of $356.78 representing the interest and necessary insurance carried with the payments to the principle) aggregating a total cost of $2,677.28. The trial judge made no award in favor of plaintiff for the items of interest and'insurance, allowing recovery only for the actual price of the truck and damages for repairs in' the amount of $417.39, which together formed the full amount of the award rendered.by him.
 

 For the reasons assigned it is .ordered; adjudged and decreed that the judgment of the district court is reversed insofar as it relates to the plaintiff Catherine, Sunseri and is amended to designate Salvador Sunseri the sole plaintiff herein and as such entitled to the full award herein granted.
 

 It is further ordered, adjudged and decreed that the judgment of the district court be amended so as to reduce the.award in favor of plaintiff to. $2,560.28, and in all other respects the said judgment is .affirmed. All costs to be paid by defendant-appellant.
 

 [1]
 

 . McMahon v. Manufacturers Casualty Insurance Co., La., 80 So.2d 405.