86 So.2d 179 (1956)
229 La. 524
Patrick M. ALLISON
v.
Tilden PICK and Edward Pick.
No. 41639.
Supreme Court of Louisiana.
February 20, 1956.
M. C. Scharff, New Orleans, for plaintiff-appellant.
Arthur L. Ballin, New Orleans, for defendants-appellees.
SIMON, Justice.
Plaintiff-appellant instituted this suit to recover professional fees for services rendered as a licensed architect under an alleged contract entered into by plaintiff and defendants. Defendants deny that they entered into any agreement as set forth by plaintiff.
After a trial on the merits, the lower court concluded that the contract sued on totally lacked one of the basic elements of enforcible contracts in that there was no meeting of the minds by the litigants and, accordingly, dismissed plaintiff's suit.
On appeal to this court, plaintiff-appellant contends that the trial court committed manifest error in its finding of fact, thus presenting only an issue of fact for determination by us.
Plaintiff's version of the transaction is that during the early part of 1949, at a time when he was not a licensed architect, he was retained by defendants to draw architectural plans for an apartment house to be erected by them. Plaintiff delivered certain preliminary plans[1] to defendants, who submitted them to R. P. Farnsworth *180 & Company, a building contractor, for an estimated cost, which construction company submitted a bid in the amount of $125,000. Defendants rejected the Farnsworth bid, it being in excess of the amount they wanted to expend; and they further instructed plaintiff to draw permanent plans and specifications so as to meet their requirements.[2] Plaintiff contends that when the permanent plans were ordered drawn there was an oral understanding and agreement that his fee would be ¾ of 5% on the amount of the contract price to erect the building. Plaintiff delivered a single copy of the permanent plans to defendants, accompanied by a written contract of employment signed by him, incorporating the alleged fee arrangement. The defendants refused to sign the written contract of employment, and plaintiff refused to deliver any additional copies of the permanent plans so as to enable the defendants to submit them to the construction contractors for their respective estimates of cost.
Defendants' version of the transaction had between the parties is that on several occasions and at informal meetings they discussed with plaintiff their idea and contemplated plan to build an apartment house at a cost not to exceed $70,000; that plaintiff agreed to draw plans to obtain bids from construction contractors within that cost limit. Defendants did not bind themselves to pay any specific amount for the architectural plans, but there was an agreement that plaintiff would receive compensation for his architectural plans only in the event their requirements were met and the building constructed.
It is self-evident that plaintiff not having submitted the permanent plans, defendants were unable to obtain estimates from various construction contractors and thus determine whether said plans met their requirement that the cost of the building not exceed the sum of $70,000.
Defendants' version of the transaction had between the parties was favorably received by the trial judge, who, in his written reasons for judgment, stated that the written agreement of employment filed in evidence by plaintiff not having been signed by the parties was corroborative of his conclusion that there was no actual meeting of the minds between plaintiff and defendants.
We necessarily observe that this is not a suit seeking recovery on a basis of quantum meruit for services rendered but is one predicated solely upon an alleged contract entered into between the parties.
LSA-Civil Code, Article 1798 provides:
"As there must be two parties at least to every contract, so there must be something proposed by one and accepted and agreed to by another to form the matter of such contract; the will of both parties must unite on the same point."
We find nothing in the record to show that the parties hereto entered into or intended that there should be a binding contract of employment for architectural plans drawn. No contract can arise where both parties thereto have not agreed to its terms. Colgin v. Security Storage & Van Co., 208 La. 173, 23 So.2d 36, 160 A.L.R. 1107.
We are convinced of the correctness of the findings of fact resolved by the district judge, and we adhere to the well-stabilized jurisprudence of this court that the conclusions reached by him, and his judgment on the facts, should not be disturbed unless manifestly erroneous. Nalty v. Nalty, 222 La. 911, 64 So.2d 216; Rosenthal v. Gauthier, 224 La. 341, 69 So.2d 367; Olivier v. Abunza, 226 La. 456, 76 So.2d 528; McMahon v. Manufacturers Casualty Ins. Co., 227 La. 777, 80 So.2d 405; Sunseri v. Westbank Motors, 228 La. 370, 82 So.2d 43.
Accordingly, for the reasons assigned, the judgment of the Civil District Court is affirmed.
NOTES
[1] There is no argument as to the agreement with regard to the preliminary drawings for which plaintiff was paid the sum of $300.
[2] Throughout the trial, it was shown that defendants' requirements were for plans for an apartment house at a cost not to exceed $70,000.