SIMON, Justice.
Edward O. Sill filed this suit on March 29, 1957, against his former employer, Clanton Electric Co., Inc., seeking a monied judgment representing overtime pay in the amount of $2,021.30 allegedly due him under an oral contract of employment.
Plaintiff contends that under his oral contract of employment with defendant he was employed on an hourly basis whereby he was to be paid $2.50 per hour for a forty-hour week and one and one-half times his regular hourly pay for every hour in excess of forty hours worked in any one week; that his rate of pay was increased to $3,125 per hour in the workweek beginning July 13, 1956, until the work-week beginning September 7, 1956, at which time his regular hourly pay was reduced to $2.50; that in the performance of his duties under his contract he worked various numbers of hours in excess of forty hours per week, for which he has not been paid; and that for every hour of overtime, he is entitled to be paid by defendant one and one-half times his regular hourly pay, which said amount of overtime pay is claimed by plaintiff to aggregate the sum sued for, $2,021.30; that in the alternative, if the evidence fails to establish an agreement to pay him time and one-half for overtime hours, he should be allowed to recover for the alleged overtime hours at his regular hourly rate of pay, that is, on the quantum meruit basis.
Defendant contends that the plaintiff was employed on a weekly basis not involving hourly wages; that his salary was $100 per week and was raised to $125 per week on July 13, 1956, and reduced to $100 per week on September 7, 1956, plaintiff having accepted other additional employment; that there was no agreement as to overtime pay; and that the plaintiff was entitled only to his weekly salary and has been paid in full for his services.
The trial court rendered judgment for the defendant and rejected plaintiff’s demands at his costs, stating that the case involved purely a question of fact and that the plaintiff had failed to sustain his burden of submitting competent and convincing evidence to substantiate his claim.
The record reveals that plaintiff was employed as an electrical estimator on January 23, 1956, by defendant corporation, under an oral agreement. During the first week of his employment, he worked only three days, at the end of which time he received $60 gross pay from the defendant. Thereafter, plaintiff received from defendant $100 gross pay per week until the work-week beginning July 13, 1956. From the work-week beginning July 13,1956, until the work-week beginning September 7, 1956, plaintiff received $125 per week gross pay. Thereafter, plaintiff having informed defendant that he had accepted a teaching position with the Bossier Parish School Board beginning in September, 1956, his rate of pay was reduced by mutual agreement, and from the work-week beginning September 7, 1956, until the work-week beginning October 18, 1956, when he left defendant’s employ, plaintiff was paid $100 per week gross pay by defendant. All of these payments were made by check, and said checks were received, endorsed and cashed by plaintiff, as shown by photostatic copies filed in the record and fully identified in his testimony.
In addition to his own testimony, the plaintiff produced two other witnesses. Both, however, testified that they had no personal knowledge of the terms and conditions of plaintiff’s employment agreement nor of the overtime hours, if any, *66 plaintiff claims to have worked. These two witnesses, Herman H. Ward and Clovis Crowe, testified as to working' conditions generally prevalent in the electrical trade; that they were in the electrical business and did estimating work; that such work is sometimes done on a weekly salary basis and at other times on an hourly basis; that there are deadlines and that on occasions it is found necessary to work overtime, at night and at home.
The plaintiff’s testimony on direct examination consisted to a large extent of specifying the dates and the various hours of overtime which he had put in in estimating electrical jobs for the defendant. Producing a record setting forth in detail the various numbers of overtime hours worked, the date on which worked, and the job in connection therewith, plaintiff testified that he had kept this personal record and had made each entry the day that the hours were worked. Plaintiff further testified that as he completed each job he informed defendant, through its president, R. E. Clanton, of the number of hours of overtime that he had worked; that he had demanded payment of the overtime, and that he finally left defendant’s employ because of its failure to pay his claim. On cross examination, plaintiff admitted that most of the overtime claimed was performed out of the defendant’s office; that a large amount of the alleged overtime was performed on Saturdays and Sundays, when defendant’s office was closed; that no one else saw him working on Saturdays and Sundays; that he did not at any time during his employment turn in any written memorandum or time sheet regarding overtime, but merely advised defendant verbally of the overtime as each job was completed; and that he kept a record of such hours on a pad on top of his desk in defendant’s office, which he says was subject to inspection by anyone interested.
R. E. Clanton, president of defendant corporation, testified that he had employed plaintiff by the week on a weekly salary and not on an hourly basis; that occasionally plaintiff had worked a few hours overtime at defendant’s office, but had compensated for this by coming in late the next day, or working fewer hours than the eight hour work day contracted for; that he did not know of any period of time that plaintiff had worked overtime away from the office nor had plaintiff ever spoken to him of overtime hours; that any of his employees who worked overtime and who were employed on an hourly basis made out and submitted time tickets for the overtime, but that the plaintiff had never turned in such a time ticket claiming overtime hours of employment.
Defendant’s bookkeeper, Mrs. Jimmie N. Robinson, testified that she was present (shortly after plaintiff had begun work for defendant) during a discussion between plaintiff and R. E. Clanton, defendant’s president, concerning plaintiff’s pay; that they agreed that plaintiff would be employed on the basis of $100 per week; that he was paid by the week, and that he had never turned in or spoken to her of overtime records; that any employees of defendant who were employed on an hourly basis always turned in time records showing daily and overtime hours in order to be paid.
The other witness of defendant, whose testimony was taken under deposition, was Thomas Howie, who testified that he was an electrical estimator and that he was employed by another firm on a salary basis; that he had periods in which he had nothing to do but was still paid, and other periods in which he worked around the clock getting a job finished but never asked for overtime because he was paid on a salary basis; that he knew of one other electrical estimator in the area, who was also on a salary and bonus arrangement; that he knew of no electrical estimators who worked by the hour.
From the foregoing it is obvious that the only evidence presented that over *67 time hours were actually worked by plaintiff was the plaintiff’s own testimony in connection with a self-serving memorandum which he himself prepared and kept for his personal use. He produced no evidence, circumstantial or otherwise, which tends to corroborate his claim of the overtime hours spent working for defendant. Nor did he produce any evidence, circumstantial or otherwise, to corroborate his own testimony that defendant had employed him on an hourly rather than a weekly basis. The testimony of defendant’s bookkeeper clearly contradicted the claim of an hourly arrangement.
Article 2277 of the LSA-Civil Code provides that all contracts for the payment of money above five hundred dollars in value “must be proved at least by one credible witness, and other corroborating circumstances”. The plaintiff having sued for an amount exceeding $500 allegedly due him under a verbal contract, it was incumbent on him to produce evidence corroborating his own testimony as to the existence of an arrangement to pay him for overtime hours, as well as the overtime hours worked by him, and this he has failed to do.
We are convinced of the correctness of the trial court’s conclusion that the plaintiff has failed to establish that he was employed by the hour and actually worked the overtime hours which he claimed. Finding no manifest error in that conclusion, we adhere to the well-established jurisprudence of this Court that the findings of fact reached by the trial judge should not be reversed unless his conclusions are manifestly erroneous. Sunseri v. Westbank Motors, 228 La. 370, 82 So.2d 43; Allison v. Pick, 229 La. 524, 86 So.2d 179; Southwest Gas Producing Co. v. Hattie Brothers, 230 La. 339, 88 So.2d 649; and Second Church of Christ, Scientist v. Spencer, 230 La. 432, 88 So.2d 810.
For the reasons assigned the judgment appealed from is affirmed.