On Application for Rehearing
PER CURIAM.
In his application for rehearing counsel for plaintiff contends, inter alia, this court fell into error in reversing the judgment of the trial court in favor of plaintiff because, in the original decree rendered herein, we did not expressly state the judgment reversed was manifestly erroneous. In support of his position learned counsel has cited the following cases: Sill v. Clanton Electric Co., 236 La. 705, 109 So.2d 64; Second Church of Christ Scientist v. Spencer, 230 La. 432, 88 So.2d 810; Southwest Gas Producing Company v. Hattie Brothers, 230 La. 339, 88 So.2d 649; Allison v. Pick, 229 La. 524, 86 So.2d 179; and Sunseri v. Westbank Motors, 228 La. 370, 82 So.2d 43.
We have read each of the cited cases and find that although each reiterates the well established doctrine that a decision of the trier of fact will not be disturbed or set aside unless manifestly erroneous, none of said authorities support the proposition that a specific ruling and declaration of “manifest error” is an indispensable prerequisite to the reversal of a lower court on an issue of fact!
The opinion rendered herein contains the following pronouncements:
“The trial judge in an able discussion of the evidence from the bench while fresh in his mind absolved defendant in the original trial. We made a thorough study of same and find no manifest error * * *
“We believe that the Trial Judge correctly determined the issues of the case in the first trial of the matter after lis *531 tening to all of the eye witnesses to the accident”.
We fully recognize and herewith affirm the innumerable decisions of the appellate courts of this state wherein the “manifest error” doctrine has been employed. It is not a deviation from said principle to reverse a trier of fact without stating in so many words that “manifest error” was committed. It suffices if such error was in fact detected and its presence indicated by implication or inference. We believe the hereinabove quoted portions of our initial opinion justifies reversal of the trial court on the ground the judgment nullified was manifestly erroneous.
Plaintiff’s remaining contentions are concerned solely with our interpretation of the evidence. They were fully considered in our original text. The reasons advanced by learned counsel are not sufficiently persuasive to induce a change in our first conclusions.
Rehearing denied.