GLADNEY, Judge.
This is an action to recover for the personal injuries and property damage sustained by plaintiff in an automobile accident on April 10, 1965. The accident occurred on U. S. Highway No. 80 in the City of West Monroe, Louisiana, at a point where that highway is a two-lane thoroughfare. After trial judgment was rendered in favor of plaintiff for $500.00 from which defendant has appealed.
Four vehicles were traveling in the westbound lane of U. S. Highway No. 80. The first, or leading vehicle, was a Chevrolet tractor trailer unit operated by W. A. Robinson; the second vehicle was a Ford sedan owned and operated by plaintiff, Clarence L. Fisher; the third vehicle was a Volkswagen panel truck owned by Pohl-man & Wilbanks Company, operated by an employee, L. D. Keltner, and insured by defendant American Employers Insurance Company; the fourth vehicle was a Chevrolet sedan operated by Mrs. Mary V. Ellis.
The Chevrolet trailer truck was stopped in traffic when it was overtaken by plaintiff who stopped his car behind the truck. Plaintiff testified the Volkswagen panel truck rammed into the rear of his car and knocked it forward into the rear of the trailer truck. He contends this collision is the sole basis of his suit. Plaintiff further testified that the Volkswagen then struck his car a second time. Defendant maintains there was only one collision with plaintiff’s car and that resulted from defendant’s Volkswagen being struck from the rear by the car driven by Mrs. Ellis thereby impelling defendant’s vehicle forward into the rear of plaintiff’s automobile.
The issue presented to this court is whether there were one or two collisions involving plaintiff’s car. The position of appellee Fisher is that his vehicle sustained two> separate impacts, the first of which occurred prior to the collision which involved the Ellis vehicle. The driver of the Volkswagen, Keltner, testified that there was only one collision and that occurred when the Ellis automobile struck the Volkswagen and propelled it into plaintiff’s Ford.
Such an issue is purely factual, and absent an abuse of the discretion of the lower court, its determination of suclx an issue will not be disturbed. Holmes Company v. Foret, 229 La. 360, 86 So.2d 66 (1956); Allison v. Pick, 229 La. 524, 86 So.2d 179 (1956); Gilbert v. Heintz, 231 La. 535, 91 So.2d 784 (1956); Jones v. Jones, 232 La. 102, 93 So.2d 917 (1957).
The trial court held that there were two collisions, and the proximate cause of the first impact on which plaintiff’s claims *160 are founded was the negligence of defendant’s insured. The record shows that this determination is supported by the preponderance of the evidence which includes the testimonies of W. A. Robinson, plaintiff, and Sergeant Jimmy Burks, the investigating officer. No question is raised on the appeal concerning the amount of damages awarded.
The judgment of the lower court is affirmed with costs of this appeal to be paid by the appellant.