AYRES, Judge.
This is an action in tort wherein Albert F. LaFiette, who was joined with Elsmon Miller and Stephen R. Harrell, as party plaintiff, seeks to recover damages for personal injuries sustained in an automobile collision which occurred at about 1:30 a.m., August 24, 1963, on U. S. Highway 80 in Bossier City, Louisiana. Involved were a Chevrolet automobile, allegedly driven by Barbara Jones, in the company of LaFiette and Miller, insured by The Travelers Insurance Company; a Ford automobile owned by Thomas C. Avery and operated by Robert S. Golightly who was accompanied by Stephen R. Harrell; and a Cadillac automobile owned and operated by Mrs. J. A. Waller, insured by Maryland Casualty Company. Suit was brought against The Travelers Insurance Company who, in turn, joined Maryland Casualty Company as third-party defendant, after which plaintiffs, by supplemental petition, joined Maryland Casualty Company as defendant in the original action.
Highway 80, at the scene of the accident, is a 4-lane main thoroughfare with two lanes for traffic in each direction and with the opposing lanes separated by a neutral ground. Golightly, the driver of the Ford, had stopped in the inside eastbound traffic lane awaiting the passage of oncoming traffic so that he might make a left turn into a drive-in restaurant located on the north side of the highway. While in that position, the Ford was struck from the rear by the Chevrolet. As a result of the collision, the Ford was knocked partially into the inner westbound traffic lane while the rear end of the Chevrolet slid into the outer eastbound traffic lane where it was struck by the Cadillac.
There was judgment in favor of Harrell against The Travelers Insurance Company, from which no appeal was taken. Miller, who had, in the meantime, become the husband of Barbara Jones, did not appear at the trial. After trial of the case on the merits, his action, as well as that of plain *792 tiff LaFiette, was rejected. The third-party proceedings were likewise dismissed. Only LaFiette perfected an appeal. The basis of the judgment rejecting plaintiff LaFiette’s demands was that he was the driver of the Chevrolet in which he was riding and that it was through his own negligence, and not that of Maryland Casualty Company’s assured, that the accident occurred.
The issues presented in the appeal, purely factual in character, relate primarily to the identity of the driver of the Chevrolet and the driver’s negligence. Also concerned are the charges of negligence directed to Mrs. Waller.
On the issue involving the identity of the driver of the Chevrolet, a detailed review of the evidence appears unnecessary; a summary is deemed sufficient. Staff Sgt. Louis L. Alley, who, in addition to his duties in the U. S. Air Force, was employed at the drive-in restaurant, witnessed the accident from a distance of approximately SO feet. Due to the street illumination and the brilliance of the lights at the restaurant, Alley’s view of the scene was clear and distinct. He observed a man driving the car. Go-lightly testified that plaintiff LaFiette was occupying the driver’s position in the Chevrolet; that another man was seated on the right front seat near the door, with a woman between the two men; and that the woman had her arms around the man to her right.
Golightly’s testimony was corroborated by that of his guest passenger Stephen R. Harrell and by that of Capt. J. A. Jones, Sr., of the Bossier City Police Department, both of whom positioned the parties in the Chevrolet exactly as testified by Golightly. This testimony is further supported by the testimony of Charles T. Davis, who was, at the time, a police officer and who investigated the accident. On his arrival at the scene, he noted the positions of the parties as testified by the other witnesses.
Davis, however, was never able to complete his report. Miller refused to talk to him at the hospital; he could never locate Barbara Jones; and, upon his contacting LaFiette five days after the accident, La-Fiette refused to discuss the accident with him. Miller also refused to give a statement concerning the occurrence to Capt. James L. Branton, assistant staff judge advocate iix charge of claims at Barksdale Air Force-Base, whose duty it was to investigate this-, accident.
This testimony justifies the rejection of the testimony of LaFiette and Miss. Jones to the effect that she, and not he, was. the driver of the car at the time of the accident. Their attempt to explain their positions in the Chevrolet, by stating that they had exchanged places after the collision for fear that the insurance on the car would not cover Miss Jones as a driver, is unconvincing. Not only are there inconsistencies in the testimony of each, but, in many respects, the testimony of each contradicts that of the other.
Plaintiff’s proof of the driver’s negligence in the operation of his vehicle is a tacit admission of his own negligence inasmuch as he was shown to be such driver. The record leaves no room for doubt of the driver’s fault. He ran into the rear of a car stopped awaiting the passage of oncoming traffic. There is no contention or showing of any negligence whatsoever oxr the part of the driver of the stopped car that would excuse the actions of the driver of plaintiff’s vehicle.
Nor do we find any basis for concluding Mrs. Waller was negligent. She was proceeding in the outer eastbound traffic lane at a legal and reasonable rate of speed. As a result of its impact against the Ford, the Chevrolet was precipitated into-Mrs. Waller’s traffic lane. From her standpoint, this action was wholly unexpected. She was thus confronted with a sudden emergency. She nevertheless applied her brakes and veered to her right in an effort to avoid the collision. It is not shown that she could have taken more effective evasive action, but failed to do so. The sudden and *793 abrupt manner of the occurrence afforded Tier neither time nor opportunity to do more.
 This case comes within the well-recognized rule that where issues of fact •only are involved, a strong presumption of ■correctness exists in favor of the findings ■of a trial court. Service Fire Ins. Co. of N. Y. v. Indiana Lumber. M. I. Co. (La. App.) 111 So.2d 358 (Orl.1959). In the ab■sence of a showing of manifest error, such findings will not be disturbed. Sill v. Clanton Electric Co., 236 La. 705, 109 So.2d 64 (1959). Moreover, in such instances, it is incumbent upon an appellant, in order to •secure a reversal of a judgment, to clearly •establish manifest error on the part of the trial court in the resolution of the factual issues involved. Olivier v. Abunza, 226 La. 456, 76 So.2d 528, 530 (1954); Spears v. Biles (La.App.) 121 So.2d 522 (2d Cir. 1960).
The record not only fails to dis•close any manifest error but affirmatively •establishes the correctness of the judgment appealed. For these reasons, the judgment appealed is affirmed at plaintiff-appellant’s ■costs.
Affirmed.