REID, Judge.
On January 19, 1966, at approximately 9:30 p. m., an intersectional automobile collision occurred in the Town of Independence, Louisiana. Involved in the accident were a 1956 Ford owned by Aaron Walker and being operated by his wife, Verdis Walker, and a 1966 Chevrolet sedan owned by Mrs. Lillie Alfonso and being operated, with her permission, by her nephew, Richard Brooks. From the testimony introduced at the trial of the case, it appears that the accident actually occurred on U. S. Highway 51, which runs in a north-south direction through the Town of Independence. At issue is the question of where in relation to the intersection, the accident occurred.
The petition of the plaintiff alleges that the proximate cause of the accident was the negligence of Richard Brooks, the driver of the 1966 Chevrolet, an omnibus insured of a policy issued to the owner of the automobile, Mrs. Lillie Alfonso, by American Indemnity Company. The plaintiff contends that she was driving in an easterly direction on a municipal street in the Town of Independence and upon reaching the intersection of this street and U. S. Highway 51, that she stopped her car and after ascertaining that no traffic was approaching, she made a right turn onto the highway. She further testified that she traveled at approximately 30 miles per hour for some 500 feet or U/2 city blocks in a southerly direction on U. S. Highway 51 when her vehicle was suddenly struck from the rear by the automobile being driven by the defendant, Richard Brooks. On the other hand, the defendant contends that Mrs. Walker was contributorily negligent in that she negligently and carelessly drove her vehicle onto the U. S. Highway 51 directly into the oncoming path of the automobile *294 being operated by Richard Brooks without giving warnings or signals and in failing to keep a proper lookout for traffic traveling on this superior thoroughfare.
At the trial of the merits on November 10, 1966, the Trial Judge rendered judgment rejecting the plaintiffs demands holding that the accident was caused by the negligence of the plaintiff, Verdis Walker. In giving oral reasons for judgment, the Court found that the plaintiff, Verdis Walker, was negligent in that she admitted that she did not see the automobile being driven by Richard Brooks as it approached from the north on U. S. Highway 51. The Trial Judge also determined that the weight of evidence indicated that the point of impact was a relatively short distance south of the intersection and that the plaintiff, Verdis Walker, entered the highway at a time in which it was unsafe for her to do so.
The sole point at issue is the approximate point of impact. Certainly if it is found that the point of impact was some 500 feet from the intersection, it would be obvious that the accident was caused by the negligent behavior of Richard Brooks in that he did not fulfill his duty to exercise great care which is imposed upon him by the jurisprudence of the State of Louisiana, in that he was a following motorist. However, if it is found that the point of impact was some 50 to 75 feet from the intersection, it would appear obvious that the petitioner pre-empted the right of way which was enjoyed by Richard Brooks in that he was traveling on a more favored thoroughfare.
In reviewing the testimony of the witnesses, it appears that immediately adjacent to the intersection to the south there is located an American Oil station owned by Mr. Joe Matiste. Mr. Matiste testified to the effect that the service station fronted upon U. S. Highway 51 and that the frontage measured some 150 feet. Also to be considered is the testimony of Charles Hart and K. C. Jones who were eye-witnesses to the accident. It was the testimony of Mr. Hart and Mr. Jones that, to the best of their observations, the point of impact appeared to be along the left center of the service station frontage which would indicate that the car being driven by the petitioner had proceeded between 75 and 100 feet from the intersection at the time it was struck. Both of these witnesses also testified that the automobile being driven by Richard Brooks skidded off the road and came to stop 20 feet to the south of the lot occupied by the service station. This would indicate that the farthest that the vehicle being driven by Richard Brooks traveled past the intersection would be between 165 and 170 feet. On the other hand, the testimony of both the plaintiff and the officer who investigated the scene, Mr. Levatino, established that the point of impact occurred some 500 feet south of the intersection. Naturally, if this were found to be the case, the Court would have no choice but to find that the accident occurred as a result of the negligence of the defendant, Richard Brooks.
Since the liabilities of the parties is to be determined solely by the finding of fact, the judgment of the Trial Judge must be given much weight. This is especially true in an instance such as this where the credibility of the witnesses is of prime importance. It is well established in the jurisprudence of Louisiana that in the absence of manifest error, the Trial Judge’s finding of fact will not be overruled. There is nothing in this record establishing such manifest error and as a result this Court has no choice but to affirm the findings of the Trial Court. The judgment of the Trial Court is, therefore, affirmed with the plaintiff bearing all costs of appeal.
Affirmed.