222 So.2d 601 (1969)
Clarence W. NAQUIN, Jr.
v.
Valentine V. VAN COURT and Allstate Insurance Company.
No. 3413.
Court of Appeal of Louisiana, Fourth Circuit.
May 5, 1969.
Thomas L. Giraud, New Orleans, for plaintiff-appellee.
Drury, Lozes, Young & Curry, Felicien P. Lozes, New Orleans, for defendants-appellants.
Before YARRUT, SAMUEL and LeSUEUR, JJ.
SAMUEL, Judge.
This is a suit for $206, the alleged amount of property damages occasioned to plaintiff's station wagon in an intersectional collision. Defendants are the driver of the other vehicle involved in the accident and his automobile liability insurer.
The accident occurred in the intersection of Filmore and Elysian Fields Avenues in the City of New Orleans between 6 and 7 a. m. The intersection was controlled by an electric semaphore traffic signal. Which of the two drivers had the favorable or green traffic signal was the sole material fact at issue. The trial judge resolved this question in favor of plaintiff, finding that the plaintiff driver had a green light and the defendant driver had run a red light. Accordingly, he rendered judgment in favor of plaintiff as prayed. Defendants have appealed. In this court they contend the trial judge's factual conclusion is erroneous.
Each driver testified the light facing him was green at the time he entered the intersection. Plaintiff called four witnesses in addition to the plaintiff driver, and defendants called two additional witnesses, who gave testimony relative to the traffic signal. Two of the four plaintiff witnesses said they did not see the accident happen; the material part of their testimony was that in a bakery located at the corner of Elysian Fields and Filmore shortly after the accident occurred they heard the defendant driver admit he had run a red light. The other two plaintiff witnesses testified (one by deposition) the plaintiff driver had a green light. One of these witnesses was the owner of the bakery who said he saw the accident from his place of business through the building's glass front on Filmore; the other said he had been driving his car about three car lengths behind the plaintiff station wagon when the collision occurred.
The two defense witnesses other than the defendant driver were waiting at a bus stop at the intersection on their way to work when they saw the accident take place. Both testified the defendant driver had a green light. They caught the next bus and were not on the scene when the police arrived. They were located by an adjuster for the defendant insurance company *602 who made inquiries at the bus stop on a later date at the same hour the accident had occurred hoping to find regular bus users who may have been on the scene at the time of the accident. The testimony of these two witnesses indicates they were acquainted with all the facts of the accident.
Appellants argue that plaintiff's witnesses are unworthy of belief because all of them were well acquainted and friendly with the plaintiff driver and his father prior to the accident and, with the exception of the plaintiff driver and the bakery owner, they did not remember much, if anything, about the vehicles involved in the accident, their colors, their relative positions after the accident and other details. In addition, they point to the testimony of two investigating police officers who said, and put in their report, the defendant driver did not admit running a red light; he told them he had proceeded on a green light.
Appellants particularly refer to the fact that the witness who testified by deposition and said he had been driving the car behind the plaintiff vehicle did not see that a traffic semaphore standard had been damaged as a result of the accident, did not stop to inquire or offer assistance although he was a long time friend of both the plaintiff driver and his father, proceeded on Filmore immediately after the accident without obstruction from either vehicle involved in the accident, and incorrectly gave the colors and positions after the accident of those two vehicles. The record clearly establishes that the station wagon knocked down a traffic semaphore standard and that the Filmore roadway was partially blocked by the defendant car after the collision.
Appellants imply it is doubtful that these three plaintiff witnesses actually had been present as they testified and contend the two defense eye witnesses other than the defendant driver neither of whom knew either driver, were completely disinterested, unbiased and impartial and should be believed.
In view of the directly conflicting testimony it is apparent that in order to arrive at a determination of which driver had the favorable green light some of the witnesses must be believed and others disbelieved. Our firmly established jurisprudential rule is that on questions of fact involving the credibility of witnesses the trial judge will be reversed only for manifest error. Sill v. Clanton Electric Co., 236 La. 705, 109 So.2d 64; Plantation Anhydrous A. Corp. v. Anhydrous A. Com'n., 234 La. 869, 101 So.2d 699; Schlesinger v. Fontenot, 235 La. 47, 102 So.2d 488; Sunseri v. Westbank Motors, 228 La. 370, 82 So.2d 43; Walker v. American Indemnity Company, La.App., 206 So.2d 293; Guillory v. Hardware Mutual Casualty Company, La.App., 206 So.2d 112; James v. Food Town, Inc., La.App., 205 So.2d 721; Sittig v. Southern Farm Bureau Casualty Ins. Co., La.App., 198 So.2d 514; Evans v. Allstate Insurance Company, La.App., 194 So. 2d 762; La Fiette v. Travelers Insurance Company, La.App., 191 So.2d 790; Fisher v. American Employers Insurance Company, La.App., 187 So.2d 158; Liddell v. New Orleans Public Service, Inc., La.App., 128 So.2d 80; see 2A La.Dig. Appeal and Error.
Here the testimony of plaintiff's witnesses, particularly that of the plaintiff driver and the bakery owner, if accepted as correct, amply supports the trial court's finding and judgment. While we probably would have reached the opposite conclusion had we been sitting as trial judges, and while we certainly would have affirmed a judgment in favor of the defendants based on the opposite conclusion, we cannot say the trial judge committed manifest error in accepting the testimony of the plaintiff witnesses and in rejecting the testimony of the defense witnesses on the factual question of which driver had a favorable green light.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.