SAMUEL, Judge.
This is a suit for personal injuries and medical expenses resulting from a vehicular collision involving a 1959 Chevrolet automobile and a heavily loaded tractor-trailer truck. Plaintiff was the driver of the automobile. There are three defendants: the driver, owner and liability insurer of the tractor-trailer. Defendants’ answer denies negligence on the part of their driver and alternatively pleads contributory negligence on the part of plaintiff.
The case was tried to a jury which returned a verdict in favor of the defendants and against the plaintiff, dismissing the suit, and that verdict was made the judgment of the court. Plaintiff has appealed.
The accident happened at about 10:30 p. m. on September 22, 1965 on U. S. Highway 90 in the Parish of Orleans a little more than three miles east of Michoud Boulevard. The highway consisted of four lanes, two for traffic traveling west or towards New Orleans and two for traffic going east or away from New Orleans, with no neutral ground between the two sets of lanes. East of the point of collision there was a long, temporary curve required by road construction in that area. The collision occurred on a straight portion of the permanent highway about 700 or 800 feet (according to plaintiff), or about 300 to 450 feet (according to the defendant driver), west of the end of that curve. On the north side of the highway there was a shoulder which contained some shells but was very wet (being largely covered by water), soft and “mucky” due, in part at least, to the recent occurrence of Hurricane Betsy. The highway was completely unlighted in the vicinity of the accident and it was very dark when the collision took place. Both vehicles were or had been traveling west or towards New Orleans, with the automobile preceding the truck; both were in the outside westbound lane (i.e., the second lane from the center of the highway), and the collision occurred in that lane. The right front bumper of the truck struck the left rear of the automobile. After the impact the car traveled about 30 feet, stopping on the soft shoulder, and the truck traveled about 20 feet, stopping on the highway where it partially straddled the line between the two westbound lanes.
*691 Only four witnesses, plaintiff and the defendant driver, who were the only eye witnesses, and two police officers, who investigated the accident, testified regarding the facts of the accident. Two contradictory versions of the manner in which the accident happened were presented to the jury by plaintiff and the defendant driver.
Plaintiff testified: The engine of his car “sputtered”, and he realized he was about to run out of gas, when he was in the curve. He was able to proceed some distance out of the curve to the straight highway and drove onto the shoulder where he stopped. Although the shoulder was wet, soft and mucky, it was solid enough so that his car was not stuck thereon. Leaving his lights on because of the extreme darkness, he took a two-gallon can of gas out of the car’s trunk and, with some difficulty, managed to pour some of that gas in the tank. Then, again with some difficulty, he started the engine, drove diagonally onto the highway and proceeded in the outside lane. The whole operation took about six minutes. He determined there was no approaching traffic by using his rear view mirror. But he had traveled' only about thirty feet when the engine again sputtered and stopped. After unsuccessfully attempting to start the engine a few times, he again looked in the rear view mirror and saw the headlights of the approaching defendant truck in the curve. He managed to get the engine started again and was proceeding slowly, about seven miles per hour, when the truck struck the rear of his car. He had traveled about 75 or 80 feet from the point where he had left the highway and driven on the shoulder to the point of impact. His automobile lights, both front and rear, had remained on during all of this time.
The testimony of the defendant driver was as follows: He was traveling about 25 or 30 miles per hour with his lights on low beam as another truck with bright lights approached from the opposite direction in the inside eastbound lane. The lights from that approaching truck blinded him. As soon as the other truck passed he raised his lights and then,> for the first time and when it was only about 20 feet away, he saw the plaintiff automobile stopped with no lights burning in the lane in which his truck was traveling. He applied his brakes and swerved to his left but was unable to avoid the collision.
The testimony of the two investigating police officers does not contradict the testimony of the defendant driver; but in some respects it does cast doubt on plaintiff’s version of how the accident happened. One. of the officers testified he and his companion found a puddle of gasoline on the highway 50 or 60 feet east of the point of collision, and not on the shoulder, which plaintiff identified as having resulted from the pouring of the gasoline from the gas can into the tank, while plaintiff’s testimony indicates his car was completely on the shoulder when he poured the gasoline. In addition, one of the officers stated the shoulder in the area was so sloppy and soft it could not be driven on, indicating that if a car had been completely on the shoidder it wotdd have been stalled in the mud. We also note that plaintiff indicated his car was stalled in the soft shoulder mud áfter the impact and there is no evidence showing any difference between that part of the shoulder where plaintiff said he poured gasoline in the tank and that part on which the car came to a stop after the impact. We note further that plaintiff highly exaggerated the extent of his injuries, which exaggeration could have affected his credibility in the eyes of the jury.
In this court appellant makes two contentions regarding liability: (1) the defendant driver was guilty of negligence because he failed to keep his vehicle under such control as to be able to bring it to a stop within the distance which his head lights projected ahead of him; and (2) defendants are liable under the doctrine of last clear chance.
*692 The rule that a night motorist must drive with such care that he can bring his vehicle to a complete stop within the range of vision afforded by his head lights is subject to the exception that, even at night, a motorist has the right to assume the road is safe for travel and he is not charged with the duty of guarding against striking unexpected or unusual obstructions which he had no reason to anticipate would be encountered on the highway. The operator of a motor vehicle is not negligent in running into the rear of an unlighted stopped or very slowly moving vehicle on the highway at night or in failing to see the stopped or slowly moving unlighted vehicle in time to stop, especially when his vision is impaired by the bright head lights of oncoming traffic. Vowell v. Manufacturers Casualty Insurance Co., 229 La. 798, 86 So.2d 909; Stelly v. Fidelity & Casualty Company of New York, La.App., 201 So.2d 24; Sittig v. Southern Farm Bureau Casualty Ins. Co., La.App., 198 So.2d 514; Shively v. Hare, La.App., 189 So.2d 12; Woods v. Employers Liability Assurance Corp., La.App., 172 So.2d 100; Graham v. Hartford Accident and Indemnity Co., La. App., 159 So.2d 333; Puissegur v. Louque, La.App., 113 So.2d 795.
Under this rule, if the defendant driver’s version of the accident is accepted and the plaintiff’s version rejected, there was no negligence on the part of the defendant driver.
Similarly, if the defendant driver’s version is accepted, the doctrine of last clear chance is inapplicable. For one of the essential elements necessary for the application of the doctrine, that the defendant actually discovered or was in a position where he should have discovered plaintiff’s peril in time to avoid the accident with the exercise of reasonable care, is absent in the instant case. It is obvious under the defendants’ version of the accident that when the defendant driver saw the unlighted plaintiff vehicle, or when he should have seen that vehicle, there was insufficient time for him to avoid the accident. Glatt v. Hinton, La.App., 205 So.2d 91; Kraft v. U. Koen & Company, La.App., 188 So.2d 203; Davidson v. American Drug Stores, La.App., 175 So. 157, 162; Am.Jur., Negligence § 224.
Our firmly established jurisprudential rule is that on questions of fact involving the credibility of witnesses the trial judge or jury will be reversed only for manifest error. Naquin v. Valentine Van Court et al., La.App., 222 So.2d 601 handed down May 4, 1969; Walker v. American Indemnity Company, La.App., 206 So.2d 293; Guillory v. Hardware Mutual Casualty Company, La.App., 206 So.2d 112; James v. Food Town, Inc., La.App., 205 So.2d 721; Sittig v. Southern Farm Bureau Casualty Insurance Co., supra; Evans v. Allstate Insurance Company, La.App., 194 So.2d 762; LaFiette v. Travelers Insurance Company, La.App., 191 So.2d 790; See 2A La.Dig., Appeal and Error, "S^IOOS (1).
Here it is obvious that the jury accepted the testimony of the defendant driver and rejected the plaintiff’s version. We find no manifest error therein. Indeed, we find no error at all. As shown by what we have said regarding the testimony of the four factual witnesses, the record amply supports such a conclusion.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.