BARNETTE, Judge.
This is a suit for damages for personal injuries sustained by a guest passenger in an automobile which collided with anoth *283 er vehicle. The defendants are the host driver and his insurer and the driver of the other automobile and his insurer. Judgment was rendered in favor of the plaintiff, Nelson Necaise, against the host driver, Joseph L. Norris, and his insurer, Continental Insurance Company. Plaintiff’s demands against the other motorist, Vernon S. Kennedy, and his insurer, State Farm Mutual Automobile Insurance Company, were denied and the suit as to those defendants was dismissed.[1]
This appeal is by Norris’ insurer, Continental, seeking an amendment to the judgment so as to cast Kennedy and State Farm in solido with it. There is no issue of quantum and Continental has conceded the negligence of its insured. The question is whether Kennedy was also negligent and if his negligence was a contributing proximate cause of the accident.
The accident in question occurred on Chef Menteur Highway near the Chef Menteur Bridge. The point of collision was a short distance from the bridge on the New Orleans side. Norris and his guest passenger, Necaise, were proceeding across the bridge toward New Orleans in a Volkswagen automobile. Kennedy was proceeding in the opposite direction. Both motorists and Necaise were going to their respective places of employment at about 6:30 a. m. on July 29, 1965, when the Oldsmobile driven by Kennedy was struck by the Volkswagen which had just crossed the bridge.
Since Norris died prior to trial of causes unrelated to the accident, and since plaintiff Necaise by his own admission was dozing until just moments before the collision, thus rendering his testimony of limited value, the trial court had only Kennedy’s account of the accident and the testimony of the investigating officer on which to base its decision. Accordingly, it awarded Necaise $4,500 against Norris and his insurer, Continental Insurance Company, holding Norris’ excessive speed to be the sole proximate cause of the accident, and at the same time dismissed Necaise’s suit against Kennedy and his insurer, State Farm Mutual Automobile Insurance Company. The court also dismissed Norris’ suit against Kennedy.
Plaintiff-appellant does not contest the trial court’s finding that Norris was negligent in the operation of his automobile and that such negligence was at least one of the proximate causes of the accident. Rather, it is his contention that the trial court erred in failing to hold that the facts of the case disclose negligence on the part of Kennedy which was also a proximate cause of the accident, and which should have rendered him, along with his insurer, solidarily liable for the damages awarded to Necaise. The issue before this court, then, is whether there is sufficient evidence in the record to sustain the trial court’s dismissal of claims made against Kennedy, and its holding that the sole proximate cause of the accident was the negligence of Norris.
The record reveals the following pertinent evidence: Kennedy testified that he was proceeding on the Chef Menteur Highway toward Mississippi when he decided to make a call at a roadside telephone booth which was near a shell-surfaced auxiliary road, or turnaround area. He variously estimated the telephone to be 150 to 250 feet from the base of the Chef Menteur Bridge. Since the telephone and auxiliary road were both on.the left side of the highway (the phone being on the bridge side of the auxiliary area) this necessitated Kennedy’s. crossing the New Orleans bound portion of what at that point was a two-lane highway. Upon completing his call he drove his automobile across the inbound lane of the highway stating that he could see approximately 250 feet down the road in the direction of the bridge and that there was nothing coming, either from there or *284 the opposite direction. After crossing that lane he turned left and proceeded in the direction of Mississippi whereupon he observed the Norris vehicle coming over the hump of the Chef Menteur Bridge. He testified that as he was traveling toward the bridge at approximately IS to 20 miles per hour the driver of the Volkswagen (Norris) apparently lost control of his vehicle and began to veer toward him. He then pulled as far to the right as was possible, and brought his automobile to a complete stop 60 to 70 feet from the bridge. At this point he was hit on the left front side by the left front of the Norris Volkswagen which glanced off and came to a rest 4 to 5 feet away. The damage to the Volkswagen was substantial while that to the Oldsmobile driven by Kennedy was relatively minor.
The testimony of Alfred A. Theriot, Jr., the police officer who investigated the accident, supports, in part, the testimony of Kennedy. He stated that the accident happened on the New Orleans side of the Chef Menteur Bridge approximately 75 feet from its base. His investigation showed that 61 feet of skid marks were left by the Volkswagen beginning in Norris’ proper lane 14 feet from the base of the bridge, and leading across the center line to the point where it collided with the Kennedy Oldsmobile. Officer Theriot testified that according to his examination of the skid marks the Volkswagen was traveling at a minimum speed of 45 miles per hour at the point of impact. The speed limit at this spot was 50 miles per hour but the maximum permitted on the bridge was 25 miles per hour. Thus, it seems obvious that Norris had been exceeding the authorized limit.
What is not obvious from the record is the exact point at which Kennedy pulled back onto the road. Officer Theriot testified that there is no way to pinpoint the spot from the information in the accident report. Counsel for plaintiff-appellant suggests that the location was only some 50 to 60 feet from the collision, which if accepted as fact would stretch the credibility of Kennedy’s version of events immediately preceding the impact.
Even without more convincing proof on this point, however, the trial court might reasonably have found Kennedy guilty of negligence. One crossing a major artery must exercise extreme caution under any circumstances. If it can be shown that he has failed to exercise this care, and as a result an accident occurs, the proximate cause of which is his negligence, he may be held liable for any resulting damage. Thus, if one crosses a busy highway in such proximity to a steep bridge that, all factors considered, the crossing was negligent and an accident results, he may be cast for damages. It is certainly arguable that this is precisely what happened in the instant case and that there is sufficient evidence in the record to sustain such a holding. However, it might also be reasoned that Kennedy was not negligent and that the sole proximate cause of the accident was the excessive speed of the Norris vehicle. This is, in fact, the conclusion reached by the trial court which had the opportunity to hear the testimony of Kennedy and evaluate its credibility. It also heard the evidence given by the police officer who investigated the accident and the limited account given by the plaintiff himself. Unfortunately, since Norris had died prior to trial, his testimony, which would have been of considerable value in determining the circumstances preceding the accident, was unavailable. Nevertheless, under these circumstances, the conclusion reached by the trial court is not manifestly erroneous. The jurisprudential rule is firmly established in Louisiana that on questions of fact involving credibility of witnesses the trial judge will be reversed only for manifest error. Ballaron v. Roth, 221 So.2d 297 (La.App. 4th Cir. 1969); Naquin v. Van Court, 222 So.2d 601 (La.App. 4th Cir. 1969), and cases cited therein. The testimony of Kennedy, if accepted as substantially correct, along *285 with that of the investigating officer, amply supports the trial judge’s finding and decision.
The judgment appealed from is therefore affirmed at appellant’s cost.
Affirmed.

. Joseph L. Norris also brought suit against Vernon S. Kennedy and his insurer. The eases were consolidated for trial. Norris’ suit was dismissed.