DOMENGEAUX, Judge.
This is a suit for damages filed by plaintiff-appellee, Aubrey Dupre, against defendant-appellant, Rousso Callier, resulting from a shooting which occurred at the Silver Star Lounge located in rural St. Landry Parish on the night of May 10, 1971. Defendant was employed by the establishment as “bouncer” two nights a week to assist the management of the lounge in preventing difficulty therein and to police the area. Defendant’s regular employment was that of a local sheriff’s deputy and a farmer. From a judgment in favor of the plaintiff, defendant has appealed to this court. Plaintiff has answered the appeal asking for an increase in the amount of the award.
We find the facts to be as follows: On the night in question the plaintiff went to the aforementioned nightclub at about 7:30 or 8:00 P.M. During the following three or four hour period he apparently became intoxicated and got into an argument with the defendant after being asked by the latter to remove his hat while dancing in the establishment. It was the policy of the nightclub not to allow patrons to dance with their hats on. At this first alterca *513 tion the plaintiff became rowdy and Callier ejected him from the Silver Star.
Thereafter plaintiff tried to re-enter the establishment several times without success, each time reaping- verbal abuse upon the defendant. Upon plaintiff’s last attempt the defendant thereupon kicked him in the seat of his pants and told him to leave. Thereafter plaintiff apparently removed a small knife from his pants pocket in Callier’s presence. Defendant immediately called to plaintiff telling him that he was under arrest. Instead of stopping in compliance, the plaintiff turned and started running down the road. Defendant testified that thereupon he unholstered his .38 calibre pistol and fired two shots into the air above plaintiff’s head. Plaintiff testifies however that one of the shots hit him in the calf of his right leg. This occurred at approximately 12:30 A.M.
Plaintiff thereafter went to a nearby relative’s home who took him to the hospital to be treated.
The trial judge’s opinion reads as follows :
“I have decided to allow recovery. The court must conclude that Dupre received a pistol wound from Deputy Callier’s firearm. There is no other plausible explanation for the injury. The possibility of said injury being self-inflicted or from another source in the short interval between the shooting and Dupre’s visit to the doctor is too remote. The doctor’s testimony, instead of ruling out the wound as of a gunshot nature, confirms it as such.
Callier’s testimony that he fired in the air is understandable. It must be remembered that he was extremely provoked by the plaintiff and apparently in his excitement fired one of the shots before the pistol was raised sufficiently to avoid hitting Dupre.
Apparently, Dupre’s injury was not of serious consequences and he underwent only limited suffering. He was at the race track the next day and had only immediate medical attention. Although defendant was not justified, there was much provocation for his action. This mitigates the claim considerably. In view of the inconsequential results of the wound and the mitigation, the court will fix the general damages at $500. Additionally, there is due $21 (three days at $7 per day) for substitute labor hired and $50 for the doctor’s bill. The doctor’s fee for the deposition is 'fixed at $50 and taxed as costs along with the stenographer’s fee of $30.60.”
Defendant’s only specification of error is that the plaintiff did not establish by a preponderance of the evidence that Rousso Callier in fact shot Aubrey Dupre. This factual question, aside from quantum, is the only issue before us.
In this respect, defendant attempts to undermine testimony of several witnesses who stated that the defendant pointed his gun in the direction of the plaintiff and fired. He also points to the testimony of Dr. John Adam Tassin, arguing that the doctor was of the opinion that the leg wound was caused by a rifle or could have possibly been caused by an object such as a knife, nail, or rod. In effect he is trying to convince this court that the plaintiff did the damage himself to his leg or that such damage was sustained when the plaintiff tripped and fell at one instance while trying to get away from the defendant.
Findings of the trial court upon questions of fact are entitled to great weight and it is incumbent upon the appellant, in order to secure a reversal of the decision, to show manifest error in the judgment. Wycoff v. State Farm Mutual Automobile Ins. Co., 286 So.2d 410 (La.App. 3rd Cir. 1973); Lafiette v. Travelers Ins. Co., 191 So.2d 790 (La.App. 2nd Cir. 1966); Sill v. Clanton Electric Co., Inc., 236 La. 705, 109 So.2d 64 (1959). We find no manifest error in the factual conclusion of the trial judge.
*514 In respect to damages, the plaintiff seeks an increase from the $571.00 awarded to $5,000.00. Considering the non-serious nature of the plaintiff’s injury, as well as the mitigating circumstances surrounding the incident, we feel the damages awarded by the trial judge are adequate.
For the above and foregoing reasons the judgment of the trial court is affirmed at defendant-appellant’s costs.
Affirmed.