BEER, Judge.
Plaintiff-appellant, Gary L. Orgeron, sued Adele Badeaux, wife of/and Herbert Badeaux, and their liability insurer, Allstate Insurance Company (hereafter, “Allstate”), for personal injuries and property damage arising from an intersectional automobile collision on June 5, 1974. Answering, the defendants denied the allegations of negligence and pleaded contributory negligence, last clear chance, and sudden emergency. By reconventional demand, Allstate, as subrogee, sought reimbursement for damages occasioned to Orgeron’s automobile. Orgeron denied the allegations of the reconventional demand and specially pleaded, in the alternative, the contributory negligence of Adele Badeaux. After trial, judgment was rendered dismissing all claims. Orgeron devolutively appeals.
The accident occurred on June 5, 1974, at about 1:00 p. m., at the intersection of Victory Drive and Westbank Expressway in Westwego. Road, weather and visibility conditions were good. Immediately prior to the collision, Orgeron, owner and operator of a 1970 Chevrolet automobile, was proceeding in a northerly direction on Victory Drive and stopped at its intersection with the Expressway for a red light. When the light changed, Orgeron crossed the two east bound lanes of traffic on the expressway and stopped in the median area while permitting the south bound Victory Drive traffic to clear. When the traffic cleared, he intended to turn left. Mrs-. Dominick Ter-rase, another motorist (and a disinterested witness) testified that she was stopped at the intersection in the left south bound traffic lane on Victory Drive, opposite Or-geron’s vehicle. She was waiting to make a left turn onto the east bound traffic lane of the Expressway. When the traffic light changed to yellow, she waved to Orgeron with her hand encouraging him to turn while she remained stopped. He commenced his turn, but before his vehicle was completely out of the intersection, Mrs. Ba-deaux’s right turning car collided with the back right side of Orgeron’s car. Mrs. Ba-deaux had been traveling in a southerly direction on Victory Drive and had changed from the left to the right lane in anticipation of making a right turn onto the Expressway.
Orgeron testified that as he approached the Expressway on Victory Drive, he stopped for a red light. When it turned green, he proceeded to the neutral ground area where he stopped with the front portion of his vehicle protruding slightly into the west bound lanes of the Expressway, and activated his left turn indicator. After the traffic on Victory Drive seemingly subsided, the traffic light in the meanwhile changed from green to amber while, simultaneously, Mrs. Terrase signaled him with her hand to make the left turn. Orgeron testified that he looked for oncoming traffic before commencing his turn and he “could see a good ways down” Victory Drive. When it was too late to avoid the collision, he saw Mrs. Badeaux’s vehicle. Orgeron’s *426 vehicle had not quite cleared the intersection when the accident occurred. We note from his testimony that although Orgeron is restricted by his driver’s license, he was not wearing glasses at the time of the accident.
The defendant, Mrs. Badeaux, testified that as she approached the Expressway at its intersection with Victory Drive at 15 to 20 miles per hour, she slowed the vehicle to a near stop (approximately 10 to 15 miles per hour) and proceeded to turn right. When she was in the intersection, the traffic light turned yellow, but Mrs. Badeaux felt she had gone “too far into it (the intersection) to stop without backing up . .” “I was already committed to go across.” Although she contends that Orgeron did not signal his turn, Mrs. Badeaux acknowledges that she did see him “coming across when . (she) . . . started across.” As Mrs. Badeaux, turning right, traversed the intersection, her vehicle struck Orger-on’s vehicle.
The trial court concluded that concurring negligent acts on the part of Orger-on and Mrs. Badeaux proximately caused the collision. This type of factual determination is peculiarly within the province of the trial court, will be accorded great weight and only reversed if error is manifest. See Naquin v. Van Court, 222 So.2d 601 (La.App. 4th Cir., 1969) and the cases cited therein; Canter v. Koehring, 283 So.2d 716 (La., 1973). We cannot conclude that the trial judge manifestly erred. Indeed, we believe the record amply supports his well stated oral reasons for judgment. The judgment is affirmed at appellant’s cost.

AFFIRMED.