BARNETTE, Judge.
This is a suit for damages arising out of an automobile collision. The plaintiff has appealed from a judgment rejecting her demands and dismissing her suit.
The accident in question involved an automobile owned and driven by the plaintiff, Mrs. Jewel Beeland, and one owned by Alton B. Smith and driven by his minor son Robert D. Smith. The accident occurred on March 28, 1967 on Airline Highway in the Parish of Jefferson. The pertinent facts are as follows:
The plaintiff resides on Marguerite Road a short distance off Airline Highway. At *429 about 8:45 p. m. she left her home accompanied by a friend identified as Vernon L. Bell and drove toward Airline Highway in a southerly direction, or more particularly, toward the Mississippi River. When she reached Airline Highway she stopped in obedience to the traffic sign and also to permit the outbound traffic to clear to permit safe entry into the thoroughfare. At the point in question Airline Highway consists of two lanes for moving traffic on each side of a median approximately three feet wide bounded by a raised curbing. After the outbound traffic cleared, the plaintiff drove into Airline Highway across the outbound lanes and made a left turn through the median with the intention of proceeding toward New Orleans.
There were several vehicles proceeding toward New Orleans but Mrs. Beeland and Mr. Bell testified that they were in the outside lane and that they saw no vehicles approaching in the neutral ground lane. Mrs. Beeland allegedly turned sharply into the inside lane, which she thought to be open. The young man, Robert D. Smith, aged 17, was proceeding toward New Orleans at a speed of 45 miles per hour, which is the lawful limit. He testified that he was at all times in the neutral ground lane. After the plaintiff completed her left turn her car was struck from the rear by Smith. Both automobiles were badly damaged and Mrs. Beeland has alleged certain physical injuries.
In his “Reasons for Judgment” the trial judge said:
“Ronald Smith, the driver of the defendant’s car, testified that he was traveling in the inside or neutral ground lane of Airline Highway from the time he turned on to said highway at Airline Park Boulevard until the time of the accident. There was no testimony whatsoever to contradict this fact. Smith directly denied that he had ever been in the right hand lane and changed into the neutral ground lane just before the accident. Smith testified that his lights were burning while he was driving and Vernon Bell, plaintiff’s witness, testified that Smith’s lights were on after the accident. Therefore, the Court must conclude that just before Mrs. Beeland entered the Airline Highway, Smith was driving down the neutral ground lane (the lane she entered) with his lights burning.
“Both Mrs. Beeland and Mr. Bell testified that they looked up the Airline Highway toward Baton Rouge, in the direction from which Smith was coming and saw no vehicles in the neutral ground lane but did see several other vehicles in the outside lane coming from Baton Rouge. The Court can only conclude that Mrs. Beeland either failed to see Smith coming down the neutral ground lane or confused his vehicle with those in the other lane because, obviously, Smith was proceeding towards her in the neutral ground lane.
“The testimony of Sergeant Dunn of the State Police from the police report, which the Court finally determined after careful questioning to be an accurate report of the accident, showed that the point of impact took place sixty-three (63) feet from the intersection of Airline Highway and Marguerite Road where Mrs. Beeland turned into said highway. He further testified that this distance would have been measured with a measuring device to the point that was determined to be the point of impact from dirt and debris etc. on the road. No serious attempt was ever made by the plaintiff to show that the accident occurred at any other point and all of the testimony shows that it occurred in the neutral ground lane.
“The only point which is open to any question is how far away Smith was from the intersection of Marguerite Road and Airline Highway when Mrs. Beeland turned into the highway in front of him. At the trial he testified that Mrs. Beeland was eleven or twelve car lengths away at the time he first saw her when she was pulling out from *430 Marguerite Road and two or three car lengths in front of him when she started turning into his lane and one or two car lengths when he began applying his brakes. Counsel for plaintiff sought to discredit this testimony by introducing a transcript of the traffic court hearing involving this accident in which young Smith, who was 17 years old at the time testified as follows:
Q. How far from Marguerite Road were you when she pulled out over the highway ?
A. About a half block, I guess.
Q. As soon as you saw her pull out you applied your brakes?
A. Yes.
Q. And you had no time to stop?
A. No.
“Now, young Smith testified in Court at this trial that he estimated a car length to be twenty feet which would put Mrs. Beeland, according to this estimate, some forty to sixty feet away when Mrs. Beeland turned into the highway. The Court is convinced from Smith’s estimates of car lengths and distances and from the unsure manner in which he testified that he doesn’t really know how far away he was when Mrs. Beeland turned into the highway in front of him and since his statements in the traffic court hearing and his statements here tend to be contradictory, it is difficult to give much credence to his estimations of distances. Therefore, the Court must consider the fact that the accident happened only 63 feet from the intersection. If Smith was traveling at 45 miles per hour, as he testified, he would have covered this distance in about one second or less, and accordingly, he couldn’t have been very far away from the intersection when Mrs. Beeland entered it.
“Since the officer testified that Smith was driving with a restricted license which required him to wear glasses and he had no glasses on at the time and since there were no skid marks and no blowing of the horn, the Court concludes that Smith was negligent in this case. However, from all of the evidence and from a fair construction of all of the testimony the Court must also conclude that Mrs. Beeland was contributorily negligent by failing to see Smith approaching in the neutral ground lane and by turning into the lane in front of him when he was only a short distance away since the accident occurred only 63 feet away from the intersection. This contributory negligence, of course, bars her recovery and accordingly, there will be judgment in favor of the defendants.”
The appellant takes issue with the trial judge’s finding of fact that the defendant driver, Smith, was traveling in the neutral ground lane from the time he entered the highway at Airline Park Boulevard, and that there was no testimony to contradict this fact. Appellant’s counsel points to the testimony of Mr. Bell and Mrs. Beeland that they looked in that direction before attempting the left turn and saw no cars coming in the inside, or neutral ground, lane. Appellant also points to the absence of skid marks to indicate that Smith did not apply his brakes as he testified.
These issues are strictly questions of fact which the trial judge found as evidence of negligence on the part of both drivers. The law is so clear that such findings of fact must not be overturned except upon a clear showing of error that citation of authority is hardly necessary. Reagan v. Mid-Continent Underwriters, Inc., 150 So.2d 75 (La.App. 4th Cir. 1963), and cases therein cited.
We have carefully examined the testimony and can find no basis upon which to hold that the trial judge was manifestly erroneous.
For these reasons the judgment appealed is affirmed at appellant’s cost.
Affirmed.