BOUTALL, Judge.
This case comes before us on appeal from a judgment of the lower court in favor of plaintiff. The action arose out of an assault and battery committed upon plaintiff by the defendant. The defendant contends that the provocative language used by the plaintiff to defendant was the proximate cause that led to the altercation.
Counsel for appellant assigns as error three specifications: 1.) that the Trial Court erred in holding that Macaluso was *356 the aggressor; 2.) that the award of Five Thousand Dollars damages was grossly excessive; and 3.) that the Trial Court erred in excluding a photograph from evidence bearing directly on the issue of provocation.
Considering the above specifications, we are confronted with the primary consideration this court must render to factual determinations and conclusions of the trier of fact. While the Court of Appeal is duty bound to consider both law and fact, it should accord such weight to factual findings of the lower court as they deserve and thus, avoid retrying cases from the record, particularly if the outcome was influenced by the credibility of witnesses appearing before the trial judge who has the duty to evaluate their testimony. LSA-Const. art. 7 § 29; Reynolds v. Hartford Accident & Indemnity Company, 228 So.2d 76 (La.App. 2nd Cir., 1969); writ refused 255 La. 148, 229 So.2d 732 (1970).
The trial judge found the following facts:
“The Plaintiff, who was alone, was driving his automobile on Robert E. Lee Boulevard and had stopped at the traffic control at Canal Boulevard. While proceeding on Robert E. Lee, the Defendant, Anthony J. Macaluso, who is a stockily built man of some forty years of age, backed his car out of his driveway, and the Plaintiff passed him on his right side. According to the Defendant and his witnesses who were in the automobile of Defendant, they became quite excited. No collision occurred. The Plaintiff proceeded along Robert E. Lee Boulevard for about one and a half blocks after this occurrence, was overtaken by the Defendant, and stopped his vehicle. The Defendant jumped out of his car, leaving the door open, and approached the Plaintiff in this matter and administered a beating about the face, breaking his nose, loosening his teeth, and caused considerable contusions and bruises of his face.”
The witnesses are in general agreement as to these basic facts. However, the defendant in his first specification of error contends that plaintiff was the aggressor for several reasons: 1.) that his reckless operation of his motor vehicle started the whole affair; 2.) that plaintiff called,him vile, obscene and unpardonable names provoking the battery; 3.) that plaintiff was in fact the aggressor.
The testimony as to these points varies among the witnesses. The testimony of defendant’s witnesses is to the effect that plaintiff passed their automobile in a wild, reckless manner. Plaintiff insists that the defendant backed suddenly into the roadway in front of him, contrary to law and prudence, and the passing maneuver was the only way he could avoid a collision. He denied he was reckless. His testimony is supported by that of an independent eye-witness, Louis Cambre, who was driving his vehicle in the lane next to plaintiff. The trial judge evidently gave considerable weight to Cambre’s testimony and we believe properly so. The traffic incident was brought on by the improper backing of defendant from his private driveway into a main thoroughfare in front of two oncoming automobiles, such that one, Cambre, was caused to stop and the other, Ebert, was caused to take evasive action to avoid collision. Certainly this cannot form a basis for a later battery.
Defendant further contends that the curse words and actions of plaintiff while the parties were discussing the traffic incident show provocation on the part of plaintiff and brand him the aggressor. However, the evidence clearly shows that plaintiff simply continued down the street after the near collision and that defendant speeded ahead and caused plaintiff to pull to the side of the roadway. Defendant then jumped out of his car and excitedly began to berate plaintiff about the incident. It is at this stage of the situation that defendant claims plaintiff cursed him, using words suggesting sexual relations be *357 tween defendant and his mother, and attempted to strike him.
The trial judge was of the opinion that the curse words were “a pure afterthought and attempt to justify a brutal assault upon a young man”. The trial judge obviously placed more credence in the supporting testimony of Cambre for the plaintiff than the supporting testimony of several members of the Macaluso family for the defendant. When one considers that all of the Macaluso people were admittedly excited and upset by the traffic incident, that Mr. Macaluso speeded up to catch up to the Ebert automobile and made him pull to the side of the road, that he jumped out of his car leaving the door open and advanced on plaintiff yelling at him, one must admit that it is more believable that Macaluso was the aggressor. Particularly is this true when, as here, after the initial blows, Macaluso pursued the plaintiff, who was attempting to retreat, into a vacant lot and continued to beat him severely.
We find no error in the trial judge’s conclusions.
Insofar as the issue of damages the trial judge found the following:
“The Plaintiff was knocked to the ground. As previously stated, he suffered a fractured nasal bone with marked deviation of the nasal septum; bruises over the right eye, causing an accumulation of blood in the left nasal chamber; ecchymoses in the right peri-orbital area and the right cheek and both infraclavicular areas; and abrasions of the chin. As a result of these injuries, a submucous resection had to be performed and much of the cartilage removed from the nasal tip, and he had to remain under medical treatment for a period of four months.”
The plaintiff offered the testimony of himself and of three doctors to these injuries: Dr. John C. Mathes, Jr., a dentist; Dr. Christian Haindel, an ear, nose and throat specialist; and Dr. J. Browne La-rose, Jr., a general practitioner. The defendant offered no contrary evidence. We conclude that there is an adequate basis for the award in damages and we should not disturb the finding of the trial court in that regard. Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).
The third specification of error is that the trial judge erred in excluding a photograph from evidence. The photograph depicts the face of Mr. Macaluso and was allegedly taken the day after the fight. It was initially shown to plaintiff Ebert while he was on the witness stand, and he was asked to interpret marks appearing to be bruises or cuts which might be evident on Mr. Macaluso’s face. Objection was taken and the court required identification of the photograph first.
The picture was later shown to Mr. Ma-caluso for identification and he simply explained who took the picture, the date, and the reason for taking it. It was then offered in evidence but refused by the court after objection unless further identification could be made by the photographer. It later developed that the photographer was home ill and counsel for defendant simply submitted the matter as it then stood.
It is, of course, not always necessary to produce the photographer himself to identify a photograph before securing its admission into evidence. It is necessary, however, that the witness testify that it accurately represents the scene which it purports to show. There is no such evidence here, and no proper foundation to this effect was laid. Additionally, the evident purpose of the photograph was to demonstrate that there were cuts and bruises on Mr. Macaluso’s face. This photograph, which was in black and white, shows some irregular black marks on Mr. Macaluso’s face which we cannot interpret and which obviously require expert interpretation as to their significance. In this regard an explanation as to lighting, filters used, angle *358 of photography, etc., may well be helpful in assessing the weight to be assigned to this piece of evidence. We are of the opinion that the photograph was properly excluded from evidence.
For the reasons hereinabove set forth, the judgment of the lower court is affirmed. Costs of this appeal to be paid by defendant-appellant.
Affirmed.