LANDRY, Judge.
This appeal by plaintiff, Clarville Au-coin, is from the judgment of the trial court dismissing appellant’s demands for and on behalf of appellant’s minor son, Peres Aucoin, for damages for personal injuries sustained when young Aucoin fell out of the rear door of an automobile operated by David Lodrigues, minor son of defendant, Alvin Lodrigues. We affirm.
Made defendants herein are the senior Lodrigues, his insurer, Phoenix Insurance Company of- Hartford (Phoenix), H. J. Kober, father of the minor, Wayne Kober (on whose lap young Aucoin was seated at the time of the accident), and Kober’s insurer, the Travelers Insurance Company (Travelers).
The accident happened in Bayou Vista, St. Mary Parish, on November 27, 1968, at approximately 6:00 P.M. Young Lod-rigues, driving his father’s 1962 Ford Sedan, was proceeding northerly along Southeast Road. Accompanying Lodrigues as guest passengers were six of his teenaged acquaintances. David Blakeman was seated next to Lodrigues. Mark Lasseigne was seated on Blakeman’s right. Galen Guyotte was seated next to the left rear door. Aucoin was next to Guyotte. D. J. Arnold was on Aucoin’s right, and Wayne Kober sat next to the right rear door. The boys were returning from a “scramble course” located in the vicinity, a scramble course being an open area where teenagers meet to engage in the sport of riding motor bikes. While at the course, Lod-rigues’ vehicle became stuck in mud. A truck was sent for to dislodge the mired vehicle. Upon returning to Bayou Vista, Lodrigues followed closely behind the truck which had no tail lights. He explained he took this precaution to protect the truck from being run into from the rear by an unsuspecting motorist. Lod-rigues, traveling at a speed of approximately IS to 25 miles per hour, approached the intersection of Southeast Road and Middleroad where Aucoin desired to get out. Lodrigues slowed the speed of his vehicle, came to a stop sign at the intersection and stopped. As Lodrigues was preparing to stop, Aucoin began to shift position to exit from the right rear door because the left back door was inoperable and would not open. Aucoin moved to his right, sat on Kober’s lap and just as the vehicle was either stopped or almost stopped, the right rear door flew open. Aucoin fell out of the car, landed on his feet, ran a few steps alongside the vehicle and fell fracturing both bones of his left forearm and injuring his left shoulder.
Plaintiff alleges Lodrigues senior was negligent in allowing his son to drive an automobile with a defective right rear door and that the younger Lodrigues was negligent in not warning the junior Aucoin of the defect, and also in driving at an excessive rate of speed, making a sudden stop, *760 and not stopping the vehicle in a careful manner when he knew or should have known the right rear door was defective and might suddenly open of its own accord. Defendant Kober is said to be liable for the negligence of his son in opening the door while the vehicle was in motion, and failing to warn the Aucoin lad that the door was open. The trial court exonerated the Lodrigues youth of all negligence. The trial court also found that Wayne Kober was negligent in opening the door while the vehicle was in motion, but denied plaintiff recovery on the ground that the Aucoin lad was contributorily negligent in shifting position while the vehicle was still moving.
Phoenix and Travelers each filed a motion for summary judgment predicated upon lack of coverage. Both motions were sustained by the trial court.
We are here concerned with factual issues only. It is well established that the findings of the trier of fact will not be disturbed upon appeal unless found to be manifestly erroneous. Beeland v. Smith, La.App., 237 So.2d 428.
David Lodrigues testified in súbstance that the automobile he was driving had practically been given to him by his father. The vehicle was old and somewhat battered, but was in good running condition. The left rear door of the car had been inoperable for some time prior to the accident, and could not be opened. David was aware that about three months prior to the accident, his father told him that on one occasion while the father was driving the car, the right rear door suddenly flew open. David himself experienced no such incident with the right rear door, and was not aware that it was defective in any manner. He stated he was proceeding toward Bayou Vista at a slow rate of speed following closely behind the truck ahead for the reason above stated. When Aucoin asked to be let out at the corner of Middle-road (because he lived nearby), Lodrigues stopped and immediately thereafter he heard Aucoin yell after alighting from the vehicle. Lodrigues stated he was aware that Aucoin was shifting position toward the right rear door as the vehicle was being brought to a slow, uneventful stop. He also stated he did not know how or why the door opened. Neither did he know whether Aucoin jumped or was pushed from the vehicle. In short, he stated he did not know how the accident happened.
Peres Aucoin, age IS at the time of trial, testified he was seated on the extreme left of the rear seat with Guyotte to his right, Arnold to the right of Guyotte and Kober next to the right rear door. Because Lod-rigues had told him that the left rear door would not open, he began to move toward the right rear door as Lodrigues slowed to stop to let him out. While the car was moving at about IS miles per hour, he began changing position, and eventually seated himself on Kober’s lap. He explained that he was facing directly toward the front of the car. His feet were on the floor of the car, and he was being held by Kober’s left hand which was around his waist. AuCoin said his own left hand was on the back of the seat, and his right hand “on the door near the window.” He also stated that the door suddenly swung open, he grabbed for the door, and at the same time felt a hand on his back. He landed on the road while the car was in motion. He attempted to “run with the car”, and did so for a few steps, and then tripped and fell. He slid on his hand for a few feet and then rolled over to the side. In a prior unsigned statement to Phoenix’s adjuster, Bill Cook, the verity of which he conceded, Aucoin stated that as he was seated on Kober’s lap, the door was half open, and that he was holding onto the handle to keep it from opening all the way. He also said in his statement that he had his hand on the arm rest, and when the door flew open, he “went for it.” At another point in his statement, he said that he was holding onto the door handle with his right hand, and someone shoved him in *761 the back, and he fell out of the car. His testimony at trial, however, was to the effect that he did not jump out, and neither was he pushed out. He stated he felt a “jerk” because the car stopped suddenly. He lost his balance, the door flew open, and he fell out. At another point in his testimony at trial, he conceded that Lodrigues made a smooth stop, and there was no jerking of the vehicle at the time of the accident. At other points in his statement and testimony at trial, Aucoin testified variously that at the time of the accident, he had his hand on the arm rest of the door or the door handle itself. He also stated that he was holding onto the door handle of the half-opened door.
Wayne Kober’s testimony exonerates Lodrigues of any negligent act as regards the vehicle’s operation. He stated that Lod-rigues came to a slow smooth stop to let Aucoin out. He stated that as Aucoin was seated on his lap, he had his left arm around Aucoin, and barely “cracked” the door with his right hand in anticipation of Aucoin’s departure. He also stated that Au-coin was seated with one hand on the back of the front seat and the other hand on the door near the window. He also stated that the door did not “fly open”, and that Au-coin either jumped or fell from the slowly moving vehicle. Kober further stated that he did not know whether Aucoin was pushed from the car, but was told so the following day. He stated he made no effort to hold Aucoin because he thought Au-coin was voluntarily jumping from the vehicle.
The remaining occupants of the car could add no evidence of practical value except to confirm Lodrigues’ freedom from negligence with respect to operation of the vehicle. In essence these parties testified that they were not looking at Aucoin at the time of the accident, and were unaware of any mishap until Aucoin yelled that he was hurt.
Appellant maintains the trial court erred in holding that Aucoin’s change of position was a proximate cause of the accident, and therefore sufficient to bar his recovery because of his own contributory negligence. Appellant’s brief is devoted mainly to an attempt to prove Wayne Kober negligent for partially opening the door, knowing that Aucoin was preparing to exit the vehicle.
We find no error in the trial court’s exoneration of Lodrigues from negligence. The preponderance of testimony is that Lodrigues was proceeding at a reasonable speed and was in the process of making a normal stop. As regards the condition of the right rear door, the record does not disclose it was defective in any manner whatsoever. The fact that it “flew open” on one prior occasion does not establish its defectiveness. It is quite conceivable that when this happened, the door opened because it had not been properly closed. In any event, the record is barren of proof that the door was defective.
Appellant maintains Kober was negligent in “cracking” the rear door through which Aucoin intended to exit, and in failing to warn Aucoin that the door was partly open. Appellant also argues that Aucoin was not contributorily negligent in shifting position while the car was in motion. In this latter respect, it is argued that Au-coin’s changing position did not constitute part of a chain or succession of events so linked together as to form a natural whole such that his falling from the vehicle can be said to be the natural and probable consequences thereof.
It is basic law that negligence must be determined in the light of the facts and circumstances of each individual case. Bergeron v. Greyhound Corp., La. App., 100 So.2d 923. Negligence is the failure to exercise that degree of care which may be expected of a reasonably prudent individual under the same or similar circumstances. Brown v. Liberty Mutual Insurance Company, 234 La. 860, 101 So.2d 696.
*762 As contended by appellant, Aucoin had the right to rely upon Kober exercising ordinary care and caution in opening the door to assist Aucoin’s departure. With this postulation, we agree. We do not necessarily agree that Kober was negligent under the circumstances. His partial opening of the door with Aucoin sitting on his lap facing toward the front of the vehicle, and Kober holding Aucoin around the waist as the car was being brought to a normal, uneventful stop, was not necessarily negligence in itself.
Aucoin was also charged with the duty of exercising reasonable care for his own safety considering he intended to exit the vehicle in a somewhat unusual manner. The situation called for extreme care on his part. He was seated in an awkward position. His own account of the mishap is fraught with contradictions. By his own admission, when the accident happened, his right hand was at one point in his testimony on the window, at another on the window by the door, at another on the door rest, at another on the door handle, and at still another, he was holding onto the door handle of the partly opened door preparing to open it all the way so he could get out. Aucoin alone knew the precise moment and manner at which and in which he intended to exit the vehicle. He did not communicate his intent to Kober on whose lap he was seated. Assuming Kober was negligent in “cracking” the door, we cannot find that such conduct was the sole proximate cause of the accident. From the evidence, it is reasonable to conclude that Au-coin himself was actually holding onto the door handle preparing to open the door all the way when the accident happened. If so, he was negligent in holding onto the open door while the vehicle was yet in motion. It is equally possible that Aucoin was playfully pushed from behind by either Arnold or Guyotte.
It is highly improbable that Aucoin could have landed on his feet if he fell forward and out of the car when the door allegedly “flew open”. Seated on Kober’s lap, with his feet firmly planted on the floor, he would have been more likely to fall out on his face. The fact that he landed on his feet supports the conclusion that he voluntarily exited the vehicle while it was in motion, and lost his balance because of the awkwardness of his position.
We find that if Kober was negligent, Aucoin’s negligence contributed to the accident in at least the same degree as did Kober’s. His own negligence bars his recovery.
The conclusions herein reached obviate the necessity of considering the issue of alleged lack of coverage on the part of Phoenix and Travelers.
The judgment is affirmed at appellant’s cost.
Affirmed.