GULOTTA, Judge.
These consolidated matters are on appeal from a judgment awarding damages for personal injuries sustained as a result of an automobile collision between a taxicab and a private automobile.
Suit was filed by Irvin N. Breaux, a guest passenger, against his host driver, Charles L. Broadway, Jr.; Milton Villaru-bia, owner of the taxicab; Robert Kilby [1], operator of the taxicab; Manchester Insurance and Indemnity Company, liability insurer of the cab; and NOLA Cabs, Inc., alleged to be a surety or liability insurer of the owner and operator of the cab. Third party pleadings were filed by Kiley, Villa-rubia, Manchester, and NOLA against Broadway seeking contributions and by Broadway against the other defendants seeking indemnity and/or contribution. Further, in a separate proceeding, Broadway filed suit against Kiley, Villarubia, NOLA and Manchester.
In the Breaux matter, judgment was rendered in favor of plaintiff in the sum of $1,824.83 and against Villarubia, Kiley, and Manchester and dismissed against Broadway and NOLA. In the Broadway suit, judgment was rendered in his favor in the sum of $704.22 and against the same defendants and dismissed as against NOLA.
*843 All defendants cast in judgment have suspensively appealed. There is no dispute on quantum but only on liability.
In this connection, the facts are that Breaux was a passenger in an automobile driven by Broadway in the middle lane on Basin Street in the direction of uptown in the City of New Orleans. Breaux was seated in the left rear. While proceeding across the intersection of Canal and Basin Streets, the left rear of the Broadway car was struck by the front end of a taxicab driven by Kiley. Kiley was driving in the middle lane of Canal Street in the direction of the Lake. A semaphore light controls traffic at this intersection. The question in this case is which driver had the green light.
The trial judge concluded that Kiley’s negligence in crossing on a red light caused the accident and injury.
As in cases of this kind, both drivers testified they had the green light in their favor. Breaux testified further that Broadway crossed on a green light. However, additional evidence was obtained from persons other than occupants of the two vehicles. William H. Bragg, III, testified he was driving a gasoline truck on the opposite side of Canal Street in the direction of the River. Lyle A. Salez, Jr., owner of the truck, was an occupant in the vehicle. Both said that the light was green for traffic traveling on Canal Street and that Kiley proceeded across Basin Street on a green light. The trial judge discounted the testimony of Bragg, observing in his oral reasons for judgment, that Bragg testified he saw the light change from red to yellow to green. He took judicial cognizance that in the City of New Orleans a yellow light only follows a green one and does not follow a red light in sequence. Therefore, according to the trial judge’s reasoning, because Bragg saw a yellow light before he and Kiley entered the intersection, the light was red for traffic traveling on Canal Street and Kiley crossed on a red light. The trial judge was further impressed by Kiley’s failure to file suit or to assert a claim for his damages.[2] Apparently, he additionally relied on the testimony of Breaux and Broadway in concluding that Broadway crossed on a green light.
 This matter resolves itself and is a question of credibility and weight of the evidence. Deeply imbedded in our jurisprudence is the rule that where the trial judge has seen, heard, and observed the witnesses, his judgment on a question of fact will not be disturbed unless manifestly erroneous.[3] Many things are discernible to the trial judge not perceptible from the written record. If, from a review of the evidence, (because of a conflict in testimony) we might question the determination of fact made by the trial judge or the reasons assigned, but there is substantial evidence to support his findings, we cannot find manifest error. In the case of Ebert v. Macaluso, 248 So.2d 355, at page 356, (La.App. 4th Cir. 1971), we said:
“ * * * While the Court of Appeal is duty bound to consider both law and fact, it should accord such weight to factual findings of the lower court as they deserve and thus, avoid retrying cases from the record, particularly if the outcome was influenced by the credibility of witnesses appearing before the trial judge who has the duty to evaluate their testimony. LSA-Const. art. 7 § 29; Reynolds v. Hartford Accident & Indemnity Company, 228 So.2d 76 (La.App. 2nd Cir., 1969); writ refused 255 La. 148, 229 So.2d 732 (1970).”
*844 Considering the entire record and guided by the above, we find no manifest error. Judgment affirmed.
Affirmed.
LEMMON, J., dissents with written reasons.

. Properly spelled “Kiley”.

. We do not agree that this reason is valid in this case. The taxicab was not owned by Kiley. Moreover, he sustained little or no injuries. His testimony in this respect was, “I had my knee jammed up underneath the dashboard”.

. Holmes Company v. Foret, 229 La. 360, 86 So.2d 66 (1966) ; Sunseri v. Sunseri, 256 So.2d 673 (La.App. 4th Cir. 1972) ; Crane Supply Company v. Drake & Planche, Inc., 255 So.2d 188 (La.App. 4th Cir. 1971).