LOTTINGER, Judge.
This is a suit by Judith A. Beard, plaintiff, individually, and for the use and benefit of her minor child, Dari Beard, and against the City of Hammond for personal and property damages resulting from a one car collision. The Lower Court rendered judgment in favor of defendant and dismissed petitioner’s demand. Petitioner has taken this appeal.
The facts established in this matter were that on the night of February 3, 1970 the automobile which petitioner was driving, and in which her minor daughter, Dari Beard, was riding in the back seat as a guest passenger, ran into the Hazel Street Canal situated in the City of Hammond, Louisiana. Mrs. Beard had been traveling in a northerly direction on South Wilson Street and executed a right turn into West Hanson. Immediately prior to the accident she was proceeding in an easterly direction on West Hanson, which dead-ends at the Hazel Street Canal. The canal itself runs in a north-south direction and the vehicle entered the canal from its westerly side. The canal is approximately eight to ten feet wide and eight feet deep.
At the time of the accident there was a dead-end sign located on the south side of West Hanson some thirty-nine feet from the east edge of South Wilson. From the date of the accident to the time of the trial below, the location of the dead-end sign had never been changed. Petitioner failed to see this dead-end sign when she executed her right turn from South Wilson onto West Hanson. The record discloses that the petitioner was not familiar with the fact that West Hanson dead-ended at the canal and she had never driven this particular portion of West Hanson before. West Hanson is a black top street measuring from the east edge of South Wilson to the end of the black top approximately three hundred twenty-five feet. The end of the black top is situated approximately twenty-two feet from the Hazel Street Canal.
The record discloses there were two street lights in place on the night of the accident, one being approximately forty-five feet from the canal and one at the intersection of South Wilson and West Hanson.
Petitioner had been living in Hammond some six months prior to her accident. During this period of time she had on occasions traveled West Coleman and West Thomas Streets in Hammond both of which cross the canal. West Hanson is located one block away from West Coleman. Plaintiff had never traveled West Hanson in the area near the canal nor did she know that West Hanson was a dead-end street.
The dispute really centers around the question of the type of barricade and signs in place at the time to warn the motorists on West Hanson of the dead-end situation. According to the witnesses for the defendant, at that particular time there was a barricade consisting of three vertical creosote poles, approximately six feet long, and inbedded three feet in the ground, and a crossbar covering the entire width of West Hanson. There was also a question as to whether one or more stop signs were installed on this barricade, and if so, were they of the reflector type.
The petitioner claims that there was no barricade or that she did not see one and that she did not see any dead-end signs near the intersection of West Hanson and *894 South Wilson. This is her position even though there were street lights constructed along the street and a street light situated forty-five feet from the barricade hanging out over the street. The street lights were of the mercury vapor type.
It is contended by petitioner that prior to running into the canal, she was traveling at no more than twenty miles per hour. She did not know that the street dead-ended at the canal and the first thing she knew of the accident was when she actually ran off the pavement. At this time she thought she had run into a yard or field and attempted to put on her brakes but, apparently she was in the canal by the time she was able to brake her automobile.
Unfortunately we are not favored by written reasons from the Lower Court. We are, therefore, unable to tell whether the Lower Court simply found no negligence on the part of the defendant or whether negligence was found on defendant but contributory negligence was held against the petitioner. Of course the evidence produced by the two parties to this suit is conflicting as to whether or not there was a barricade across the dead-end street and if so, what type of barricade and what type of stop or danger signs if any, were posted on the barricade. We do feel, however, that the dead-end sign posted near the intersection of South Wilson and West Hanson was in such a position that the motorist making a right turn would not necessarily notice this sign because of the right turn maneuver. It appears to this Court that the Lower Court believed the witnesses who testified on behalf of defendant and gave more credence to said witnesses.
The jurisprudence of this state is to the effect that broad discretion must be given the decision of the trial court in regard to factual determinations established at trial upon the merits. Consequently, without the petitioner’s showing of manifest error the discretion afforded the Trial Court will not be disturbed.
Petitioner has not shown manifest error with regard to the Trial Court’s determination of the factual issues and therefore, under the clear jurisprudence of this state, the decision of the Lower Court will be affirmed. Aucoin v. Lodrigues, La.App., 252 So.2d 758; Sunseri v. Sunseri, La.App., 256 So.2d 673; All State Credit Plan, Inc. v. Wilson, La.App., 254 So.2d 315; Krison v. Texas Industries, Inc., La.App., 253 So.2d 614.
For the reasons . hereinabove assigned, the decision of the Lower Court will be affirmed, all costs of this appeal shall be paid by petitioner.
Judgment affirmed.