GULOTTA, Judge.
This is a suit for the balance allegedly due, i. e., the sum of $150.00, for the installation of carpet in the premises owned by defendant. From a judgment of dismissal plaintiff appeals.
The facts are that plaintiff, a carpet contractor entered into a written agreement with defendant for the installation of carpet at a charge of $15.00 per hour. After completion of the work, plaintiff billed defendant the sum of $285.00. Defendant objected to the evcessiveness of the charge and sent plaintiff a check in the amount of $185.00.[1] Plaintiff submitted a corrected invoice on August 30, 1971 in the sum of $335.00 less credit for the $185.00 payment on the account. The balance due, as claimed by plaintiff, was never paid. Plaintiff filed a lien and privilege on defendant’s home. This suit followed.
There is no dispute on the installation of the carpet or that the contract price for installation is $15.00 per hour. The only question before us is the factual issue of how many hours plaintiff's employees work on the job.
The plaintiff argues that although he was not on the job, his daily journal shows that his employees worked a total of 22 hours.[2] Neither employee who worked on the job testified.
The defendant, on the other hand, stated that he was present during the time the carpet was being installed, and the plaintiff's employees were only on the job for a total of twelve hours.
The trial judge heard the testimony and accepted the testimony of defendant in determining that twelve hours were spent in installing the carpet. This case involves a question of credibility of witnesses. The trial judge resolved this question in defendant’s favor.[3] We find no error.
Accordingly, the judgment is affirmed. Costs are to be paid by plaintiff-appellant.
Affirmed.

. Twelve hours work at $15.00 an hour totals $180.00, plus $5.00 delivery charge, totaling $185.00.

.July 26, 1971 — supervisor and helper 4 hours
July 27, 1971 — supervisor and helper 8 hours
August 7, 1971 — supervisor 8 hours
August 11, 1971 — supervisor 2 hours
TOTAL 22 hours

.Ebert v. Macaluso, 248 So.2d 355 (La.App. 4th Cir. 1971).