GEORGE C. CONNOLLY, Jr, Judge, Pro Tem.
Plaintiffs, Mrs. Edna Louise Raub, wife of, and John L. Corr, Jr, instituted this action for personal injuries sustained as the result of an automobile-train collision alleged to have been caused by Defendants’ negligence.
At the time of the accident, Plaintiffs-Appellants, husband and wife, were passengers in an automobile owned and operated by Nicholas J. Nicosia. Named Defendants were Nicosia, his insurer, United States Fidelity and Guaranty Company of Baltimore, New Orleans Terminal Company, and its engineer, Ruben A. Price.
After a trial on the merits, there was judgment in favor of Mrs. Corr and against Nicosia and United States Fidelity. The judgment dismissed the claim against Defendant, Ruben A. Price and New Orleans Terminal Company. The judgment against Nicosia and United States Fidelity was satisfied. The Appellants pursue this appeal against Price and New Orleans Terminal.
The record reveals that the accident occurred at approximately 8:55 p. m. on January 10, 1964 at the point where Atherton Drive crosses the railroad tracks in Me-tairie, Louisiana. Atherton Drive runs north and south. The three sets of tracks at the crossing generally run northeast and southwest. The angle at which Atherton Drive crosses the tracks is obtuse on the west side. The Atherton crossing was marked on both sides by a large rectangular sign which read, “Louisiana Law STOP”. The sign on the north side was located 46 feet from the northern rail of the L & A Interchange Track, 64 feet from the northern rail of the main line and 80 feet from the northern rail of the passing track. By stipulation, the parties agreed that the vehicle occupied by the plaintiffs was going south, the yard engine was going northeast and the accident occurred on the southernmost tracks.
Appellants argue the testimony is to the effect that the driver of the automobile stopped at the Atherton crossing, proceeded slowly and cautiously into the intersection; that boxcars obstructed the view of those required to cross the intersection, and that no bells were rung, nor was the whistle sounded or the lights on the locomotive lit.
Two factual issues are presented to this court for its determination:
(1) Whether the proper warning devices were employed at the time of the accident, and
(2) Whether boxcars obstructed the view of Appellants.
The trial court ruled adversely to the Appellants on both issues. It is well settled that the factual conclusions of a trial judge, especially when based on the credibility of witnesses, are entitled to great weight and should not be disturbed on appellate review in the absence of manifest error. Breaux v. Villarubia, 269 So.2d 841 (4th La.App.1972).
Considering the entire record, there is substantial evidence to support the findings of the trial judge and we find no manifest error.
The testimony of the engineer and the members of the crew, although denied by plaintiffs, established that the headlights on the engine were burning, the engine bell was ringing, and the whistle for the crossing was blown by Engineer Price in the standard manner, namely, four blasts, consisting of two long, a short and a long.
. The testimony regarding the presence of the boxcars parked on the L & A Inter *825 change Track is likewise confusing and contradictory. Appellants claim there was such a cut of cars; the Defendants did not concede the boxcars were present. The testimony is extremely vague as to whether the boxcars were parked on the tracks, and, if so, on which of the three sets of tracks at the Atherton crossing, and how close they were to Atherton Drive.
We find the appellants have failed to carry their burden of proving either the existence or the location of the boxcars.
Assuming further that the boxcars were on the L & A Interchange Tracks and obstructed the automobile driver’s view, Nicosia still had the obligation to stop, look and listen once he had passed the track with the obstructing boxcars and before crossing the next set of tracks. Kavanaugh v. Travelers Insurance Company, 203 So.2d 780 (2nd La.App. 1967).
If the driver’s vision was obscured, all the more reason to exercise caution and be certain that no train was approaching. Delta Fire and Casualty Co. v. Texas & Pacific Ry. Co., 229 La. 710, 86 So.2d 681 (1956); Hymel v. Texas & New Orleans Ry. Co., 145 So.2d 138 (4th La.App.1962).
Appellants further contend that assuming the driver of the vehicle was negligent, Nicosia’s negligence cannot be imputed to the passengers. Appellants are correct in this assertion. Bertrand v. Missouri Pacific Railroad Co., 160 So.2d 19 (3rd La.App. 1964).
However, the proposition of law above recited would only become important in the event the defendant-railroad was also found negligent. Under such a fact situation the driver’s contributory negligence would not be a bar to his passengers’ recovery. In view of the fact that we find no negligence on the part of either New Orleans Terminal Company or its engineer, Ruben A. Price, Defendants herein, we conclude that it is unnecessary for us to pass upon the question of whether Plaintiff, as guest passenger, was free ' from negligence, or that Nicosia’s negligence may not be imputed to Appellants.
Under the jurisprudence and facts of this case, New Orleans Terminal Company or its engineer, Ruben A. Price, may only be cast in damages upon a finding of negligence on their parts. We find no such negligence in the instant case.
For the reasons assigned, the judgment appealed from is affirmed at appellants’ cost.
Affirmed.