FRUGÉ, Judge.
This is a tort action for personal injury and property damage allegedly sustained in *411 an automobile collision. From a judgment in favor of defendants, State Farm Mutual Automobile Insurance Company, and its insured, S. W. Teer, and against plaintiff, Richard Wycoff, rejecting his demands at his costs, plaintiff has perfected this appeal. We affirm.
Examination of the record reveals that on August 25, 1971, defendant, Teer, was proceeding easterly on Fulton Street in the City of Alexandria, Louisiana. Defendant was driving a 1970 Ford pick-up, pulling a 28-foot livestock trailer. Upon reaching the intersection of Fulton and Sixth Street, the defendant stopped in the left lane of traffic in response to a red traffic signal controlling the intersection. Fulton Street is a one-way two-lane street at this point. In the right lane, a large tractor-truck and trailer was also stopped for the light. When the signal light, controlling the intersection turned green, defendant Teer pulled away from the intersection, slightly faster than the large tractor-trailer vehicle in the right lane. When he reached a point some distance ahead of the large vehicle, he signaled his intention to move into the right lane by use of the right blinker on his vehicle. As he moved into the right lane, defendant’s trailer struck the left front of the plaintiff’s vehicle.
Plaintiff testified that his vehicle had already secured the right lane as defendant’s vehicle moved into it and struck his vehicle. Defendant testified that as he signaled his intention to move into the right lane, he checked his right rear-view mirrors and noted that no traffic was in the right lane except for the large vehicle some distance to his rear. Mr. Teer stated that as he crossed the center line into the right lane, he struck plaintiff’s vehicle, and until that time, he did not see plaintiff’s vehicle in the right lane.
Mr. Herman Thornhill, the driver of the large tractor-trailer vehicle which was stopped at the red light at the intersection of Fulton and Sixth Street immediately prior to the accident testified for the defendant. Mr. Thornhill testified that as the light turned green he pulled away from the intersection slowly as his vehicle was heavily loaded. Defendant’s vehicle was traveling somewhat faster than his, and as defendant pulled ahead he signaled his intention to move into the right lane by means of a blinker. Defendant’s truck and trailer had already moved into the right lane when plaintiff’s car passed the witness’s vehicle and darted directly in front of him between defendant’s trailer and the curb.
The trial judge did not give reasons for judgment in favor of the defendant. Plaintiff asks herein for a reversal of this case, on the grounds that the judge manifestly erred in his decision. Petitioner .has failed to show manifest error with regard to the trial court’s factual determinations therein. The rule in Louisiana is to the effect that the decision of the trial court in regard to factual determinations will not be disturbed in the absence of a showing of manifest error in the discretion afforded the trial court. This is especially the case when the question of the facts have been resolved by the testimony of witnesses who appeared before the trial judge. Orlando v. Polito, 228 La. 846, 84 So.2d 433 (1955); Krison v. Texas Industries, Inc., 253 So.2d 614 (La.App. 2nd Cir., 1971); Beard v. City of Hammond, 273 So.2d 892 (La.App. 1st Cir., 1973).
For the reasons assigned, the decision of the lower court is hereby affirmed. All costs of this appeal are assessed to the plaintiff.
Affirmed.