GULOTTA, Judge.
This is an appeal from the dismissal of plaintiff’s suit for property damages and personal injuries suffered at a construction site at Charity Hospital in the City of New Orleans. We affirm.
On October 6, 1971, plaintiff, a taxicab driver, had discharged a passenger at the emergency entrance at the rear of the hospital. Access to the entrance is gained from an elevated ramp from the street. On this date, defendant contractor was engaged in construction work in the vicinity of the hospital ramp.
According to plaintiff, after the passenger had been discharged, he proceeded down the ramp. When he came to a point near the end of the ramp, where a cement truck was parked and while still on the ramp, a buckét containing cement which was being hoisted by a crane fell to the ground splashing cement on plaintiff’s vehicle and in his eye. This suit followed seeking the costs of repainting the cab and damages for pain and suffering as well as loss of earnings and medical expenses incurred as a result of the injury. From a dismissal of plaintiff’s claim, this appeal followed.
Plaintiff in seeking reversal, among other things, contends the trial judge disregarded the testimony of eye witnesses. Plaintiff further complains the trial judge erred when he concluded there was a lack of a preponderance of evidence to prove defendant’s negligence. He further finds fault with the trial judge’s failure to invoke the presumption (against defendant) that when witnesses under their control are not called to testify, a presumption exists that their testimony would be unfavorable. In this respect, plaintiff points out that defendant failed to produce witnesses available to them to show, as contended, that defendant did not have a crane operating in the area of the occurrence of the incident and that cement was not delivered to the construction site on the date of the accident. Plaintiff points out the only witness produced by defendant was not at the construction site on October 6, 1971. However, witnesses at the site on this date were available and not produced. Additionally, manifest error is complained of by plaintiff on findings of fact; and, finally, *69 the trial court’s failure to apply res ipsa lo-quitur is further assigned as a reason for reversal.
The trial judge in written reasons stated plaintiff failed to prove by a preponderance of evidence that the damages and injuries were caused by defendant’s negligence. However, it is apparent from an entire reading of the reasons that the trial judge questioned the veracity of plaintiff’s witnesses.
It is equally apparent that he could not have reached the same result had he placed any credibility in their testimony.
His reasons are as follows:
“The Court is of the opinion that plaintiff has failed to prove, by that preponderance of evidence which it is necessary for a plaintiff to do in order to prevail, that his injuries were caused by negligence on the defendant’s part.
“While the Court has no doubt but that some foreign substance entered the plaintiff’s eye (or eyes), there is no evidence to indicate that it was concrete, sand or any other similar substance. The treating physician failed to find any such substance, although he did find some form of irritation or inflammation.
“Plaintiff’s witness, a Charity Hospital guard, has testified that the concrete was splashed on plaintiff’s automobile when the bucket, being hoisted up by a crane, fell to the ground. The Court finds it difficult to understand, if this was the case, why plaintiff’s other witness, who was a passenger in the taxicab owned and driven by the plaintiff, did not see this event take place. All she says is that she heard a ‘thud’ and then apparently proceeded to the hospital. If, in fact, a bucket did fall, the Court is of the opinion that it would have attracted others who would have been witness to the event.
“Further, there is no evidence to substantiate the statement of plaintiff’s witness that there was a crane in the location pointed out by plaintiff’s witness, nor any evidence whatsoever to contradict defendant’s claim that it had no such crane in the location pointed out; nor defendant’s contention that it did not purchase any cement on the day the accident is alleged to have taken place. While the Court recognizes the fact that defendant has not been able to prove by any acceptable evidence that it did not purchase any such concrete, it is not incumbent upon the defendant to disprove plaintiff’s allegations, but it is plaintiff’s obligation to prove his case by a preponderance of the evidence, which plaintiff has, as stated above, failed to do.
“There will accordingly be judgment for the defendants dismissing the plaintiff’s suit at his cost.”
We cannot say from our reading of the record that the trial judge is in error. He observed the demeanor of the witnesses; he heard them testify. While it may not be apparent from a consideration of the record on appellate review that the veracity of a witness is questionable, nevertheless we are quick to recognize that many things are discernible to a trial judge which are not perceptible from the written record.
Plaintiff’s witnesses said they saw the accident happen. Defendant’s thrust is if the incident did occur, it could not have resulted from the negligence of its employees. One witness, in addition to the plaintiff, testified that a bucket of cement fell while being lifted by a crane and splashed cement causing damage to plaintiff’s vehicle and injury to his eye. A third witness, a passenger in plaintiff’s cab, testified she saw the cement splash over the cab. These same witnesses testified the crane was located in close proximity to the ramp. All of these persons had known each other prior to the date of the accident.
Defendants, on the other hand, offered testimony to show that the crane was not operating in the vicinity of the ramp but *70 was located at a distance of more than 300 feet from the point that plaintiff claims the bucket fell. Because the boom extended only to a length of 125 feet and has an operating radius of upward to 50 feet from the base, defendants reason the bucket could not have fallen from the crane at the place claimed by plaintiff.
It is clear that the trial judge accepted the testimony of defendants’ witnesses and rejected the testimony of plaintiff’s witnesses.
We might point out that the evidence relating to the property damage and eye injury does not help to corroborate the fact that the incident occurred as plaintiff claims. There is no indication from the receipt for the paint job on plaintiff’s vehicle that there was any cement or cement marks on the automobile. Furthermore, no cement was found in plaintiff’s eye by the attending physician, as pointed out in the trial judge’s reasons. The doctor testified only that plaintiff was suffering from conjunctivitis, which is an irritation or inflammation of the eye. While he stated the presence of cement in the eye can cause such a condition, he also indicated that the presence of any foreign substance or trauma can produce the same condition.
It is deeply. imbedded in our jurisprudence that factual findings of the trial judge, particularly those involving credibility of witnesses, are entitled to great weight on appeal. In Ebert v. Macaluso, 248 So.2d 355, at page 356 (La.App. 4th Cir. 1971), we said:
“ * * * While the Court of Appeal is duty bound to consider both law and fact, it should accord such weight to factual findings of the lower court as they deserve and thus, avoid retrying cases from the record, particularly if the outcome was influenced by the credibility of witnesses appearing before the trial judge who has the duty to evaluate their testimony. * * * ”
See also Breaux v. Villarubia, 269 So.2d 841 (La.App. 4th Cir. 1972), and cases cited therein.
Were we to reach a conclusion here different from that reached by the trial judge, we would be substituting our judgment for that of the trier of fact on a question of the credibility of evidence and veracity of witnesses. This, we cannot do in the instant case. The judgment is affirmed.
Affirmed.
SAMUEL, J., dissents with written reasons.