BARNETTE, Judge.
The plaintiff, Walter E. Belanger, has appealed a judgment in favor of the defendants dismissing his suit for damages resulting from injuries sustained in an automobile collision between an automobile driven by him and one driven by the defendant Vernon L. Ellerbe, III, and insured by the defendant, Employers Fire Insurance Company.
The accident in question occurred on U. S. Highway 61 a short distance south of its intersection with Interstate 12 near the entrance to Ramada Inn Motel in East Baton Rouge Parish on August 4, 1974. The trial court found both drivers negligent and denied recovery on account of the contributory negligence of the plaintiff, Belan-ger.
We adopt the summary of testimony and the conclusions of the trial judge based thereon in his “Written Reasons for Judgment.”
“The evidence reflects that prior to the accident, Walter Belanger left the parking area in front of the Ramada Inn *851 which is located on the west side of the Airline Highway and stopped at the southernmost exit from the Ramada Inn before proceeding in a Southerly direction down Airline Highway. He testified that he planned to drive to the Village Restaurant which is located several miLs north of the Ramada Inn on the Airline Highway. It was therefore his intention to move forward to the next gap in the median strip between the south and northbound lanes in order to make a “U” turn and proceed north to his destination.
“Belanger recalled that after stopping at the side of the highway, he looked north and perceived a group of southbound cars at a considerable distance and another single vehicle in the inside lane at some distance ahead of these cars. He estimated that when he first observed this latter vehicle, it was approximately 100 feet away from where he was stopped. Belanger stated that after this automobile passed he pulled ahead and crossed into the left or inside lane. He said that this was when he noted that the car which had just passed had come to a stop in the median gap preparatory to making a “U” turn. He said that he also brought his automobile to a halt behind this car at which time he first looked in his rear view mirror and heard the sound of squealing brakes followed by the impact of Ellerbe’s car with the rear of his vehicle.
“Ellerbe testified that before the collision he was following an employee of his who was testing another automobile. He said that he was driving southbound at approximately 45 miles per hour and at this time noted the Meyers car stopped in the intersection between the north and southbound lanes with a part of the vehicle protruding into the inside lane. He said that it was then, as he approached the northernmost exit of Ramada Inn, that he first observed the Belanger car pull out into the righthand or outside lane. He said he first applied his brakes, but then replaced his foot on the accelerator as he thought that he could proceed ahead. He said Belanger then made an abrupt 90 degree left turn into the inside lane alongside the Meyer automobile after which he struck the Belan-ger car on the left rear quarter panel.
“The investigating officer, M. J. McFarland, said that when he arrived at the scene of the accident, he found both vehicles still in the same relative position that they were following the accident. At this time, the Ellerbe vehicle was in the left lane and the Belanger automobile had reversed its direction and had come to a halt in the median strip a short distance from a light standard. He said that the debris left by the impact between the two vehicles commenced several feet north of the gap in the median strip in the left or inside southbound lane. Officer McFarland said that the rear quarter panel of the Maverick driven by Belanger was damaged and the front and left quarter panel of the Cadillac operated by Ellerbe. He acknowledged that he had made no measurements regarding the width of the median strip, the location of the point of collision or the distance from the gap in the median strip back to where the exit for the Ramada Inn was located.
“Glenn Meyers, who was called by the plaintiff, testified that he was the driver of the Buick Skylark which preceded Mr. Belanger into the intersection or gap in the median strip. He said that he intended to make a “U” turn and had brought his car to a stop in the median strip. He said that he heard the sound of brakes being applied and looked behind him and saw Ellerbe’s Cadillac sliding in the inside lane of Airline Highway and noted for the first time Belan-ger’s automobile stopped to his rear, after which the collision happened between the Cadillac and the Maverick.
“From the onset, the Court in gauging defendant’s actidn against the standard *852 of due and reasonable care required of a motorist, must find him negligent based upon his own testimony. Faced with a congested situation wherein his own lane was partially blocked by Meyers’ automobile and with Belanger occupying the right lane, he should have maintained' a braking condition instead of renewing his efforts to proceed ahead as he related, While there is undoubtedly some question of whether Belanger remained briefly in the right lane before switching to the left lane or' whether he moved generally in a diagonal path across the right lane into the left lane, this does not absolve Ellerbe of fault when it is recalled that sufficient time had elapsed to allow Belanger to come to a complete stop. (Meyers’ testimony to this effect.) Ellerbe could have probably avoided the collision if he had continued to apply his brakes instead of merely trusting that the situation ahead would resolve itself. The Court therefore finds that Ellerbe did not exert ordinary care under the circumstances and, accordingly, was negligent contributing to the real cause of the accident.
“From a stipulation of the parties, reflected by a' diagram filed in the record (Employers # 1), it appears that the distance from the southernmost exit of the Ramada Inn to a point equidistant to the gap in the median is 108'. This would indicate that there was a relatively short distance to be traveled by Belanger from the exit to the gap in the median which would require him to traverse both lanes in the process in order to make his “U” turn. Considering the close proximity of the exit to the median gap, such manuever should have been made with care and caution, particularly as concerned approaching traffic. While Belanger said that he had initially looked to see if there was any approaching traffic and observed that there was some at a distance he acknowledged that after the Meyers car passed, he did not look again and promptly pulled out. In view of the fact that he was aware of other approaching traffic, he should have reassessed the situation before entering the roadway. As an indication that he may have thought his maneuver presented a peril to oncoming traffic is his statement that he immediately looked in his rear view mirror after stopping behind Meyers and before he heard the squealing of Ellerbe’s brakes. (Emphasis supplied by Court) This is usually a “giveaway” on the part of the motorist who has reason to believe that his actions may have not been quite proper under the circumstances. In any event, the Court believes that the plaintiff was also negligent and his negligence contributed to the ultimate cause of the collision.”
The issues in this case are strictly questions of fact and the decision of the trial judge will be given the weight which our jurisprudence directs be given to those findings. Curole v. Acosta, 303 So.2d 530 (La.App. 1st Cir. 1974); Taylor v. Roach, 302 So.2d 327 (La.App. 1st Cir. 1974); Breaux v. Villarubia, 269 So.2d 841 (La.App. 4th Cir. 1972); Aucoin v. Lodrigues, 252 So.2d 758 (La.App. 1st Cir. 1971); Ebert v. Macaluso, 248 So.2d 355 (La.App. 4th Cir. 1971), writ refused, 259 La. 758, 252 So.2d 455 (1971); Beeland v. Smith, 237 So.2d 428 (La.App. 4th Cir. 1970).
We have given full consideration to appellant’s argument and to the authorities cited with reference to the Appellate Court’s duty and range of discretion in considering all factors which may lead to a different but reasonable conclusion from that of the trial judge when based upon testimony of wide variation and conflict. We do not find such a variance of conflict as would justify the drawing of a different conclusion from that of the trial judge. Moreau v. Safeco Insurance Company of America, 290 So.2d 402 (La.App. 2nd Cir. 1974); Travelers Indemnity Company v. Ben, 269 So.2d 553 (La.App. 1st Cir. 1972) and Bogasky v. Falsetta, 189 So.2d 98 (La.App. 1st Cir. 1966), cited by the appel *853 lant, are not relevant to the factual situation we find in this case.
We find nothing in the record before us, nor in the authorities cited, to justify a reversal of the trial judge’s decision on purely factual issues, where, as here the evidence clearly supports the conclusions reached. We find no manifest error in the judgment appealed.
The extent of appellant’s injuries and the issues of quantum need not be discussed.
For these reasons the judgment appealed is affirmed at appellant’s cost.
Affirmed.